**Karl RODMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–00–0333–CR.**

Court of Appeals of Texas, Amarillo.

Aug. 8, 2000.

David Cunningham, Houston, for appellant.

Harris County Dist. Atty's Office, Calvin A. Hartman, Houston, for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

## ON MOTION TO RECONSIDER

PHIL JOHNSON, Justice.

Appellant's Motion to Reconsider is granted. We withdraw our prior opinion and issue this opinion in its place.

Appellant Karl Rodman appeals his conviction for aggravated robbery. We dismiss for want of jurisdiction.

## BACKGROUND

Appellant was convicted by a jury in the 182nd District Court of Harris County (the trial court) on a charge of aggravated robbery. On April 26, 2000, pursuant to the jury's verdict on punishment, the trial court imposed sentence of confinement for 10 years and a fine of $10,000. Sentence was suspended and appellant was placed on community supervision for 10 years. Appellant did not file a motion for new trial. On June 7, 2000, appellant filed written notice of appeal. On June 9, 2000, appellant filed a motion for extension of time to file notice of appeal, alleging good cause[1] existed for extending the time allowed for filing his notice of appeal. The "good cause" alleged is that (1) appellant was convicted for aggravated robbery of Maria Esalva, (2) there were two other potential complainants involved in the matter as victims, (3) after expiration of the time for giving notice of appeal from his conviction for robbing Esalva, the State indicated that it planned to indict appellant for aggravated robbery of the other two victims in the episode, and (4) when appellant found out the State's intent to seek further charges against him, he decided to appeal his conviction in order to "(a) appeal meritorious issues and (b) preserve his eligibility for probation in the upcoming trials."

## LAW

 In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex.R.App. P. 25.2(a).[2] The notice of appeal must be filed within 30 days after the day sentence is imposed or after the day the trial court enters an appealable order, unless a timely motion for new trial is filed. TRAP 26.2(a). The time for filing a notice of appeal may be extended for 15 days under certain circumstances. TRAP 26.3. If the time for filing a notice of appeal is to be extended, both a notice of appeal and a motion for extension of time which complies with TRAP 10.5(b) must be filed within the 15-day period. TRAP 26.3; *Olivo v. State*, 918 S.W.2d 519, 523–25 (Tex.Crim.App.1996). The motion to extend time must state the facts relied on to reasonably explain the need for an extension. TRAP 10.5(b)(1)(C). The term

---

1. A motion to extend time does not require "good cause" to be shown; rather, the motion is only required to state the facts relied on to reasonably explain the need for an extension. Tex.R.App. P. 10.5(b)(1)(C).

2. Further references to a Texas Rule of Appellate Procedure will be referenced by "TRAP__."

"reasonably explain" means any plausible statement of circumstances indicating that the failure to file within the appropriate deadline was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. Garcia v. Kastner Farms, Inc., 774 S.W.2d 668, 670 (Tex. 1989); Meshwert v. Meshwert, 549 S.W.2d 383, 384 (Tex.1977). Failure to file notice of appeal within the times prescribed by TRAP 26.2(a) because of negligence, as opposed to intentional or deliberate choice, equates to a reasonable excuse. Kidd v. Paxton, 1 S.W.3d 309, 310 (Tex.App.— Amarillo 1999, pet. denied). If an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim.App.1998); Olivo, 918 S.W.2d at 523–25.

## ANALYSIS

■ Appellant did not timely file a motion for new trial, thus, his notice of appeal was required to be filed no later than 30 days following imposition of sentence by the trial court on April 26, 2000. See TRAP 26.2(a)(1). Appellant's notice of appeal was not filed within such 30–day period, but appellant filed both a notice of appeal and a motion to extend time for the filing of the notice of appeal within the 15–day period for which an extension of time may be granted pursuant to TRAP 26.3. If appellant's motion contains facts which reasonably explain the need for an extension, we may extend for 15 days the time period during which appellant's notice of appeal would be timely filed, and we would have jurisdiction over the appeal. TRAP 10.5(b)(1)(C); see Olivo, 918 S.W.2d at 523–25. But, if the facts relied on to reasonably explain the need for the extension demonstrate that the decision to delay filing notice of appeal until after the appro-

priate deadline was a deliberate or intentional decision, we may not extend the time for filing a notice of appeal. See Garcia, 774 S.W.2d at 670; Meshwert, 549 S.W.2d at 384; Kidd, 1 S.W.3d at 310.

■ Appellant's motion for extension of time states facts showing that neither inadvertance, mischance, nor mistake caused appellant's notice of appeal to be filed beyond the appropriate deadline. The motion does not assert that appellant or his counsel formed an intent to appeal from his conviction and sentence before expiration of the appropriate deadline for filing, but somehow did not timely file a notice of appeal. To the contrary, the motion sets out that the State disclosed its intent to indict appellant for other crimes after expiration of the time for giving notice of appeal from appellant's conviction, and appellant then decided to "(a) appeal meritorious issues and (b) preserve his eligibility for probation in the upcoming trials." The facts relied upon by appellant to justify the delayed filing of his notice of appeal demonstrate that appellant intended not to file a notice of appeal until it was filed. Facts showing that appellant intentionally or deliberately failed to file a notice of appeal within the time limits prescribed by TRAP 26.2(a), and then later changed his mind, do not "reasonably explain the need for an extension" within the meaning of TRAP 10.5(b)(1)(C) so that we may grant the motion for extension pursuant to TRAP 26.3. See Garcia, 774 S.W.2d at 670; Meshwert, 549 S.W.2d at 384; Kidd, 1 S.W.3d at 310.

## CONCLUSION

The facts set out in appellant's motion to extend time do not authorize our granting an extension of time for filing of appellant's notice of appeal. The motion is denied. Accordingly, appellant's notice of

appeal was not timely filed, and we do not have jurisdiction over the appeal. *Slaton,* 981 S.W.2d at 210; *Olivo,* 918 S.W.2d at 523. The appeal is dismissed for want of jurisdiction. TRAP 39.8, 40.2, 43.2.