NO. 07-02-0395-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 15, 2002



______________________________




PAUL ANTHONY CAUGHMAN-FANT, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 12,955-A; HONORABLE JACK YOUNG, JUDGE



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 Pursuant to a plea bargain, appellant Paul Anthony Caughman-Fant pled guilty to
a two-count indictment, the first count charging him with aggravated sexual assault, and
the second count charging him with indecency with a child, enhanced because of the age
of the child. Pursuant to the plea bargain, appellant was assessed a punishment of 30
years confinement in the Institutional Division of the Department of Criminal Justice on the
first count, and 20 years confinement in the same institution on the second count. 
Appellant has now attempted to appeal his convictions. However, for reasons we later
recount, we lack jurisdiction to consider his appeal.

IMPROPER NOTICE OF APPEAL

 A threshold question in any appeal is whether the court has jurisdiction to consider
the appeal. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996), overruled
on other grounds by State v. Medrano, 67 S.W.3d 982 (Tex.Crim.App. 2002). Courts will
address the question of jurisdiction sua sponte, for unless a court has jurisdiction over a
matter, its actions in the matter are without validity. Id. at 657 n.2.

 Appellate jurisdiction is invoked by giving timely and proper notice of appeal. See
State v. Riewe, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). To perfect an appeal from a
judgment which was the result of a defendant's plea of guilty and in which the punishment
did not exceed that recommended by the prosecutor and agreed to by the defendant, the
notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify
that the substance of the appeal was raised by written motion and ruled on before trial; or
(c) state that the trial court granted permission to appeal. See Tex. R. App. P. (TRAP)
25.2(b)(3); White v. State, 61 S.W.3d 424, 428-29 (Tex.Crim.App. 2001). Dismissal is
proper unless the form of the notice of appeal is proper. Id. 

 Appellant's notice of appeal does not contain any of the three allegations necessary
to invoke our appellate jurisdiction over an appeal from his convictions. See id.
Parenthetically, we have not overlooked appellant's allegations, even after all the warnings
of the careful trial judge, that his plea was coerced. However, in the seminal case of
Cooper v. State, 45 S.W.3d 77 (Tex.Crim.App. 2001), the court specifically held that the
issue of the voluntariness of a plea-bargained felony conviction may not be raised on
appeal if the notice of appeal does not otherwise meet the requisites of TRAP 25.2(b)(3).
Id. at 83. As we have noted, appellant's notice of appeal did not meet those requisites.

UNTIMELY NOTICE OF APPEAL

 The record reveals appellant was sentenced on August 19, 2002. Appellant filed
his notice of appeal on September 23, 2002. TRAP 25.2(a) provides that in a criminal
case, appeal is perfected by timely filing a notice of appeal. TRAP 26.2(a) requires that
a notice of appeal must be filed 1) within 30 days after the day sentence is imposed or
suspended in open court, or after the day the trial court enters an appealable order, or 2)
within 90 days after the day sentence is imposed or suspended in open court if the
defendant timely files a motion seeking new trial. TRAP 26.3 provides that the appellate
court may extend the time to file the notice of appeal if, within 15 days after the deadline
for filing the notice of appeal, the defendant a) files in the trial court the notice of appeal;
and b) files in the appellate court a motion seeking an extension of time. The record here
shows that appellant never filed a new trial motion, nor did he file in this court a motion
seeking an extension of time within which to file his notice of appeal.

 Appellant's notice of appeal was not filed until September 23, 2002, and it was
therefore five days late. That being the case, we are required to dismiss the appeal for
want of jurisdiction. Mendez v. State, 914 S.W.2d 579, 579-80 (Tex.Crim.App. 1996);
Rodarte v. State, 860 S.W.2d 108, 109-10 (Tex.Crim.App. 1993); Rodman v. State, 47
S.W.3d 545, 548-49 (Tex.App.-Amarillo 2000, no pet.). 

WAIVER OF APPEAL

 There is still another reason we must dismiss this appeal for want of jurisdiction. 
It is well established that a knowing and intelligent waiver of his right to appeal made after
his sentencing is binding upon the defendant. Freeman v. State, 913 S.W.2d 714, 718
(Tex.App.-Amarillo 1995, no pet.). Generally, the waiver of appeal should be made after
sentencing in order to ensure that the defendant is fully aware of the sentence imposed
and any errors that may have occurred during the trial. Blanco v. State, 18 S.W.3d 218,
220 (Tex.Crim.App. 2000). The record shows that appellant was fully advised as to the
consequences of his plea and the plea bargain agreement. He executed a document
entitled "Defendant's Waiver of Appeal After Sentence Has Been Imposed in Accordance
With Plea Bargain Agreement and Waiver of Appeal Pursuant to Plea Bargain Agreement
With the State." This document is sufficient to show that appellant executed it with full
knowledge of its contents and its effect. Accordingly, appellant waived his right of appeal
and cannot claim the benefit of his plea bargain and renege on his portion of that bargain. 
Id. 

 For each and all of the foregoing reasons, we have no jurisdiction to consider the
appeal and it must be, and is hereby, dismissed for want of jurisdiction.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002).