NO. 07-02-0395-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 15, 2002

_____

PAUL ANTHONY CAUGHMAN-FANT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 12,955-A; HONORABLE JACK YOUNG, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Pursuant to a plea bargain, appellant Paul Anthony Caughman-Fant pled guilty to a two-count indictment, the first count charging him with aggravated sexual assault, and the second count charging him with indecency with a child, enhanced because of the age

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002).

of the child. Pursuant to the plea bargain, appellant was assessed a punishment of 30 years confinement in the Institutional Division of the Department of Criminal Justice on the first count, and 20 years confinement in the same institution on the second count. Appellant has now attempted to appeal his convictions. However, for reasons we later recount, we lack jurisdiction to consider his appeal.

## IMPROPER NOTICE OF APPEAL

A threshold question in any appeal is whether the court has jurisdiction to consider the appeal. *See State v. Roberts*, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996), *overruled on other grounds by State v. Medrano,* 67 S.W.3d 982 (Tex.Crim.App. 2002). Courts will address the question of jurisdiction *sua sponte*, for unless a court has jurisdiction over a matter, its actions in the matter are without validity. *Id.* at 657 n.2.

Appellate jurisdiction is invoked by giving timely and proper notice of appeal. *See State v. Riewe,* 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). To perfect an appeal from a judgment which was the result of a defendant's plea of guilty and in which the punishment did not exceed that recommended by the prosecutor and agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal. *See* Tex. R. App. P. (TRAP) 25.2(b)(3); *White v. State*, 61 S.W.3d 424, 428-29 (Tex.Crim.App. 2001). Dismissal is proper unless the form of the notice of appeal is proper. *Id.*

Appellant's notice of appeal does not contain any of the three allegations necessary to invoke our appellate jurisdiction over an appeal from his convictions. *See id*. Parenthetically, we have not overlooked appellant's allegations, even after all the warnings of the careful trial judge, that his plea was coerced. However, in the seminal case of *Cooper v. State*, 45 S.W.3d 77 (Tex.Crim.App. 2001), the court specifically held that the issue of the voluntariness of a plea-bargained felony conviction may not be raised on appeal if the notice of appeal does not otherwise meet the requisites of TRAP 25.2(b)(3). *Id.* at 83. As we have noted, appellant's notice of appeal did not meet those requisites.

## UNTIMELY NOTICE OF APPEAL

The record reveals appellant was sentenced on August 19, 2002. Appellant filed his notice of appeal on September 23, 2002. TRAP 25.2(a) provides that in a criminal case, appeal is perfected by timely filing a notice of appeal. TRAP 26.2(a) requires that a notice of appeal must be filed 1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order, or 2) within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion seeking new trial. TRAP 26.3 provides that the appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the defendant a) files in the trial court the notice of appeal; and b) files in the appellate court a motion seeking an extension of time. The record here

3

shows that appellant never filed a new trial motion, nor did he file in this court a motion seeking an extension of time within which to file his notice of appeal.

Appellant's notice of appeal was not filed until September 23, 2002, and it was therefore five days late. That being the case, we are required to dismiss the appeal for want of jurisdiction. *Mendez v. State*, 914 S.W.2d 579, 579-80 (Tex.Crim.App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 109-10 (Tex.Crim.App. 1993); *Rodman v. State*, 47 S.W.3d 545, 548-49 (Tex.App.–Amarillo 2000, no pet.).

## WAIVER OF APPEAL

There is still another reason we must dismiss this appeal for want of jurisdiction. It is well established that a knowing and intelligent waiver of his right to appeal made after his sentencing is binding upon the defendant. *Freeman v. State*, 913 S.W.2d 714, 718 (Tex.App.–Amarillo 1995, no pet.). Generally, the waiver of appeal should be made after sentencing in order to ensure that the defendant is fully aware of the sentence imposed and any errors that may have occurred during the trial. *Blanco v. State*, 18 S.W.3d 218, 220 (Tex.Crim.App. 2000). The record shows that appellant was fully advised as to the consequences of his plea and the plea bargain agreement. He executed a document entitled "Defendant's Waiver of Appeal After Sentence Has Been Imposed in Accordance With Plea Bargain Agreement and Waiver of Appeal Pursuant to Plea Bargain Agreement With the State." This document is sufficient to show that appellant executed it with full knowledge of its contents and its effect. Accordingly, appellant waived his right of appeal

4

and cannot claim the benefit of his plea bargain and renege on his portion of that bargain. *Id.*

For each and all of the foregoing reasons, we have no jurisdiction to consider the appeal and it must be, and is hereby, dismissed for want of jurisdiction.

John T. Boyd
Senior Justice

Do not publish.

5