02-11-172-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00172-CR

 

 


 
 
 Ex Parte Mario Amaro Castillo
 
 
  
 
 
  
 
 
 
 
  
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

 

----------

 

FROM County
Criminal Court No. 1 OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Appellant
Mario Amaro Castillo attempts to appeal from the trial court’s order denying
his application for writ of habeas corpus.  The trial court signed the order
denying Appellant’s application for writ of habeas corpus on March 30, 2011,
and Appellant’s notice of appeal was due April 29, 2011.  See Tex. R. App.
P. 25.2(b), 26.2(a)(1).  Appellant did not file his notice of appeal until May
17, 2011.  Because Appellant did not timely file a notice of appeal, we dismiss
the appeal for want of jurisdiction.

Rule
26.3 provides that an “appellate court may extend the time to file the notice
of appeal if, within 15 days after the deadline for filing the notice of
appeal, the party: (a) files in the trial court the notice of appeal; and (b)
files in the appellate court a motion complying with Rule 10.5(b).”  Tex. R.
App. P. 26.3 (emphasis added).  Appellant filed both his notice of appeal and a
motion for extension of time to file his notice of appeal on May 17, 2011, one
day after the fifteen-day deadline set forth in rule 26.3.[2] 
We therefore asked Appellant’s counsel to provide proof that the notice of
appeal was mailed to the trial court by the May 16, 2011 deadline, see
Tex. R. App. P. 9.2(b)(1), and Appellant’s counsel provided internet print-outs
indicating that the notice of appeal was picked up for delivery by Federal
Express at 6:49 p.m. on May 16, 2011, and delivered to the trial court clerk on
May 17, 2011.

Rule
of appellate procedure 9.2(b)(1)(A) expressly states that “a document received
within ten days after the filing deadline is considered timely filed if it was
sent to the proper clerk by United States Postal Service first-class,
express, registered, or certified mail.”  Tex. R. App. P. 9.2(b)(1)(A)
(emphasis added).  A document mailed using a private delivery service such as
Federal Express does not invoke the “mailbox rule” embodied in rule
9.2(b)(1)(A).  Id.  Thus, Appellant’s notice of appeal was not timely
filed.[3]  See Tex. R. App.
P. 9.2(b)(1)(A), 25.2(b), 26.3.  The court of criminal appeals has expressly
held that without a timely filed notice of appeal or motion for extension of
time, we cannot exercise jurisdiction over an appeal.  See Olivo v. State,
918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Because Appellant’s notice of
appeal was not timely filed, we dismiss this case for want of jurisdiction.  See
Tex. R. App. P. 9.2(b)(1)(A), 25.2(b), 26.2(a), 26.3, 43.2(f).

 

PER CURIAM

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 16, 2011









[1]See Tex. R. App. P. 47.4.





[2]The fifteenth day after
April 29 was Saturday, May 14, 2011.  The deadline for the notice of appeal and
motion for extension of time to file notice of appeal was therefore extended to
Monday, May 16, 2011.  See Tex. R. App. P. 4.2(a).





[3]We also note that Appellant
has not offered a reasonable explanation for his need to extend the time to
file the notice of appeal.  See Tex. R. App. P. 10.5(b)(1)(C),
(b)(2)(A).  Appellant states in his motion that he had immigration proceedings
pending at the time he filed his application for writ of habeas corpus, that he
“had to confer with his counsel in the immigration proceedings to determine
what course of action he wished to pursue in this proceeding,” and that “that
determination extended past the time for filing a Notice of Appeal.”  “[I]f the
facts relied on to reasonably explain the need for the extension demonstrate
that the decision to delay filing notice of appeal until after the appropriate
deadline was a deliberate or intentional decision, we may not extend the time for
filing a notice of appeal.”  Rodman v. State, 47 S.W.3d 545, 548 (Tex.
App.—Amarillo 2000, no pet.) (holding no reasonable explanation provided when
the appellant decided to appeal after he was indicted for other crimes and
needed to appeal the original conviction to preserve his eligibility for parole
in the other cases); see generally Amegy Bank of Tex., N.A. v. Titan
Services, LLC, No. 02-09-00420-CV, 2010 WL 87095, at *1 (Tex. App.—Fort
Worth Jan. 7, 2010, no pet.) (mem. op.) (holding the appellant’s explanation
was inadequate because it reflected that it “consciously ignored the deadline
in favor of deliberately evaluating whether to file an appeal”).