

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00172-CR

EX PARTE MARIO AMARO
CASTILLO

----------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Mario Amaro Castillo attempts to appeal from the trial court's order denying his application for writ of habeas corpus. The trial court signed the order denying Appellant's application for writ of habeas corpus on March 30, 2011, and Appellant's notice of appeal was due April 29, 2011. *See* Tex. R. App. P. 25.2(b), 26.2(a)(1). Appellant did not file his notice of appeal until May 17,

---

[1]*See* Tex. R. App. P. 47.4.

2011. Because Appellant did not timely file a notice of appeal, we dismiss the appeal for want of jurisdiction.

Rule 26.3 provides that an "appellate court may extend the time to file the notice of appeal if, *within* 15 days after the deadline for filing the notice of appeal, the party: (a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b)." Tex. R. App. P. 26.3 (emphasis added). Appellant filed both his notice of appeal and a motion for extension of time to file his notice of appeal on May 17, 2011, one day after the fifteen-day deadline set forth in rule 26.3.[2] We therefore asked Appellant's counsel to provide proof that the notice of appeal was mailed to the trial court by the May 16, 2011 deadline, *see* Tex. R. App. P. 9.2(b)(1), and Appellant's counsel provided internet print-outs indicating that the notice of appeal was picked up for delivery by Federal Express at 6:49 p.m. on May 16, 2011, and delivered to the trial court clerk on May 17, 2011.

Rule of appellate procedure 9.2(b)(1)(A) expressly states that "a document received within ten days after the filing deadline is considered timely filed if it was sent to the proper clerk by *United States Postal Service* first-class, express, registered, or certified mail." Tex. R. App. P. 9.2(b)(1)(A) (emphasis added). A document mailed using a private delivery service such as Federal Express does not invoke the "mailbox rule" embodied in rule 9.2(b)(1)(A). *Id.* Thus, Appellant's

_____

[2]The fifteenth day after April 29 was Saturday, May 14, 2011. The deadline for the notice of appeal and motion for extension of time to file notice of appeal was therefore extended to Monday, May 16, 2011. *See* Tex. R. App. P. 4.2(a).

notice of appeal was not timely filed.[3] *See* Tex. R. App. P. 9.2(b)(1)(A), 25.2(b), 26.3. The court of criminal appeals has expressly held that without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because Appellant's notice of appeal was not timely filed, we dismiss this case for want of jurisdiction. *See* Tex. R. App. P. 9.2(b)(1)(A), 25.2(b), 26.2(a), 26.3, 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 16, 2011

---

[3]We also note that Appellant has not offered a reasonable explanation for his need to extend the time to file the notice of appeal. *See* Tex. R. App. P. 10.5(b)(1)(C), (b)(2)(A). Appellant states in his motion that he had immigration proceedings pending at the time he filed his application for writ of habeas corpus, that he "had to confer with his counsel in the immigration proceedings to determine what course of action he wished to pursue in this proceeding," and that "that determination extended past the time for filing a Notice of Appeal." "[I]f the facts relied on to reasonably explain the need for the extension demonstrate that the decision to delay filing notice of appeal until after the appropriate deadline was a deliberate or intentional decision, we may not extend the time for filing a notice of appeal." *Rodman v. State*, 47 S.W.3d 545, 548 (Tex. App.—Amarillo 2000, no pet.) (holding no reasonable explanation provided when the appellant decided to appeal after he was indicted for other crimes and needed to appeal the original conviction to preserve his eligibility for parole in the other cases); *see generally Amegy Bank of Tex., N.A. v. Titan Services, LLC*, No. 02-09-00420-CV, 2010 WL 87095, at *1 (Tex. App.—Fort Worth Jan. 7, 2010, no pet.) (mem. op.) (holding the appellant's explanation was inadequate because it reflected that it "consciously ignored the deadline in favor of deliberately evaluating whether to file an appeal").