Kevin SMITH, Appellant,

v.

HOUSTON LIGHTING & POWER COMPANY, Appellee.

No. 01–98–01217–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 24, 1999.

Sarah Smith Dickson, League City, for Appellant.

Shira R. Yoshor, Maria Wyckoff Boyce, Judy Yi–Li Liu, Houston, for Appellee.

Panel consists of Justices O'CONNOR, HEDGES, and PRICE.*

## OPINION

ADELE HEDGES, Justice.

Appellant, Kevin Smith, sued Houston Lighting & Power Company ("HL & P") for wrongful discharge. He appeals from a final summary judgment in favor of HL & P. We affirm.

### Jurisdiction

Before we reach the merits of this case, we must first determine whether we have jurisdiction over the appeal. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). HL & P contends that this Court lacks jurisdiction because appellant's notice of appeal was untimely.

The trial court rendered final summary judgment on July 30, 1998. Appellant timely moved for new trial on August 28, 1998. The deadline to file the notice of appeal was 90 days after the judgment was signed on October 28, 1998. *See* TEX. R.APP. P. 26.1(a)(1). Appellant filed his notice of appeal on October 30, 1998, two days after the deadline. He did not move for an extension of time to file the notice of appeal under TEX.R.APP. P. 26.3.

The Texas Supreme Court has held that a motion for extension of time is "necessarily implied" when an appellant acting in good faith files an appeal bond after the deadline, but within the 15–day extension period. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997) (former TEX. R.APP. P. 26.3). We construe a notice of appeal filed after the deadline, but within the 15–day extension period under rule 26.3, to imply a motion for an extension of time. *See Coronado v. Farming Tech., Inc.*, 994 S.W.2d 901, 901 (Tex.App.— Houston [1st Dist.] 1999, order, no pet.). It is still necessary, however, for an appellant to reasonably explain the need for an extension. TEX.R.APP. P. 10.5(b); *see Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex.1998) (applying *Verburgt* holding to pauper's affidavit filed in lieu of appeal bond).

This case is similar to *Miller v. Greenpark Surgery Center Assoc., Ltd.*, 974 S.W.2d 805, 807 (Tex.App.—Houston [14th Dist.] 1998, no pet.). The appellants in *Miller*, like the appellant in this case, filed the perfecting instrument two days after the deadline. *Id.*[1] Even though the appellants in *Miller* did not file a motion for extension of time, the court "necessarily implied" such a motion because the perfecting instrument was filed within the 15– day extension period. *Id.*

The court implied the motion for extension of time, but it did not imply the reasonable explanation for the extension. *Id.* Miller's briefs did not provide any explanation, but instead "completely avoided" the jurisdiction issue. *Id.* at 807–08. Moreover, in oral argument, Miller offered the explanation that he timely filed his affidavit, but the clerk's office misplaced it. *Id.* The file stamp on the affidavit, however, clearly showed that the document was filed two days late. *Id.* Accordingly, the court held that Miller did not reasonably explain the untimely filing. The court

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Because *Miller* was filed before September 1, 1997, the court applied the Texas Rules of Appellate Procedure in effect before that date. The perfecting instrument in *Miller* was an affidavit of inability to pay costs under the former rules.

therefore overruled the implied motion for extension of time and dismissed the appeal for want of jurisdiction. *Id.*

 Similarly, the appellant in this case filed his notice of appeal two days late. Even though appellant did not move for an extension of time, he "implicitly" did so when he filed his notice of appeal within the 15–day extension period under Rule 26.3. The issue before us, therefore, is whether appellant has reasonably explained the late filing. *See* TEX.R.APP. P. 10.5(b). We hold that he has.

HL & P moved to dismiss the appeal, challenging jurisdiction on the ground that the notice of appeal was untimely. Appellant did not file a response to the motion to dismiss. HL & P again challenged jurisdiction in its brief on appeal. Again, appellant did not respond. Like the brief in *Miller*, appellant's brief "completely avoided" the jurisdiction issue. *See Miller*, 974 S.W.2d at 808.

On October 28, 1999, this Court issued an order stating that we would dismiss the appeal for want of jurisdiction if, within 10 days of the date of the order, appellant did not file a reasonable explanation for his untimely notice of appeal. On November 4, 1999, appellant timely filed an affidavit of explanation and a pauper's affidavit. Appellant explained that he was represented on a contingency basis in the trial court and could not afford to hire an appellate attorney. He diligently tried to find pro bono representation. On October 28, 1998, the day that the notice of appeal was due, appellant found an attorney. That attorney then filed the notice of appeal immediately after receiving the case information—a mere two days after the deadline.

 A reasonable explanation means "any plausible statement of circumstances indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 669 (Tex.1989) (interpreting former TEX.R.APP.

P. 41(a)(2)). We hold that appellant's affidavit of explanation and pauper's affidavit are sufficient to reasonably explain the untimely notice of appeal. Thus, appellant's implied motion for extension of time is granted and HL & P's motion to dismiss is denied. Having jurisdiction over the appeal, we now turn to the merits of the case.

### Facts

Appellant worked at HL & P as an electrician. While at work on January 10, 1994, appellant passed out and was taken to the hospital. He attributed his medical problems to various work-related chemical fumes. To protect appellant from health risks, HL & P transferred him to a crew that involved less exposure to the fumes. Appellant continued to work intermittently throughout 1994 and 1995. During that time, he filed various workers' compensation claims relating to his health problems.

In 1995, appellant presented his crew leader with a doctor's note, which stated that appellant should not be exposed to certain chemicals. The broad restrictions prevented appellant from performing his duties as an electrician. According to HL & P policy, employees with "temporary" medical restrictions may work on "restricted duty assignments." HL & P considered appellant's restrictions permanent, however, because the doctor's note did not provide a time frame that the restrictions would be in effect. Therefore, appellant was instructed that he should not return to work until his doctor fully released him of the performance restrictions.

On September 13, 1995, appellant applied for long-term disability benefits. On October 23, 1995, appellant applied for a personal leave of absence for a term of one year. Over one year later, on October 31, 1996, HL & P informed appellant that his leave of absence had expired and that his employment would be terminated if he did not secure another position at HL & P within 30 days. Appellant did not apply for another position. Because appellant

did not return to work after his one-year leave of absence, his employment was terminated.

## Procedural History

In his original petition, appellant sued HL & P for: (1) disability discrimination; (2) retaliation based on his claim of disability; (3) workers' compensation retaliation; and (4) intentional infliction of emotional distress. HL & P moved for summary judgment on the grounds that, among other reasons, appellant did not exhaust the grievance procedures required by a collective bargaining agreement. Appellant then filed his first amended petition, which abandoned his first and fourth claims, and alleged only: (1) retaliation based on his claim of disability and (2) workers' compensation retaliation. The trial court rendered summary judgment in favor of HL & P, without specifying the grounds on which it based its ruling.

## Burden of Showing Error

■ In three points of error, appellant contends that the trial court erred in rendering summary judgment: (1) on the workers' compensation retaliation claim because a fact question exists about whether there is a causal connection between the workers' compensation proceeding and discharge; (2) on his disability discrimination claim;[2] and (3) on the basis that his claims were barred by the two-year statute of limitations.

■ When, as here, a summary judgment does not state the specific grounds on which it was granted, a party appealing from the judgment must show that each of the independent arguments alleged in the motion is insufficient to support the judgment. *See Richardson v. Johnson & Higgins of Tex., Inc.*, 905 S.W.2d 9, 11 (Tex. App.—Houston [1st Dist.] 1995, writ denied). In *Richardson*, for example, the judgment did not specify the particular ground on which the trial court rendered summary judgment. *Id.* On appeal, Richardson addressed only one of the three grounds on which the summary judgment may have been based. *Id.* This Court affirmed the judgment because Richardson did not show that each independent argument alleged in the motion was insufficient to support the judgment. *Id.*

Similarly, the summary judgment in this case did not specify the grounds on which it was based. One of the arguments in HL & P's motion for summary judgment was that appellant did not exhaust the grievance procedures required by a collective bargaining agreement. However, neither appellant's motion for new trial nor his brief on appeal addressed this argument. As in *Richardson*, the appellant in this case did not show that each independent argument alleged in HL & P's motion for summary judgment was insufficient to support the judgment. *See Richardson*, 905 S.W.2d at 11; *see also Inscore v. Karnes County Sav. & Loan Ass'n*, 787 S.W.2d 183, 184 (Tex.App.—Corpus Christi 1990, no writ).

■ A general point of error stating that "the trial court erred by granting the motion for summary judgment" would

---

2. The first amended petition, which superseded and completely replaced the original petition, was the live pleading at the time of summary judgment. TEX.R. CIV. P. 65; *see Sheerin v. Exxon Corp.*, 923 S.W.2d 52, 55 (Tex.App.—Houston [1st Dist.] 1995, no writ). By abandoning the disability discrimination claim from his first amended petition, appellant voluntarily dismissed that cause of action. *See Wu v. Walnut Equip. Leasing Co.*, 909 S.W.2d 273, 278 (Tex.App.—Houston [14th Dist.] 1995), *rev'd on other grounds, appeal dism'd w.o.j.*, 920 S.W.2d 285 (Tex. 1996); *see also State v. Tamminga*, 928 S.W.2d 737, 740 (Tex.App.—Waco 1996, no writ). Therefore, appellant's disability discrimination claim was not before the trial court. We may overrule the second point of error on this basis alone. However, as set forth in more detail below, we overrule all three points of error because appellant did not show that each independent argument alleged in HL & P's motion for summary judgment was insufficient to support the judgment.

have been sufficient to preserve error for all possible grounds on which summary judgment should have been denied. *See Plexchem Int'l, Inc. v. Harris County Appraisal Dist.,* 922 S.W.2d 930, 930–31 (Tex. 1996). Appellant, however, did not bring a general point of error. In the absence of properly assigned error, we may not reverse a trial court's judgment. *San Jacinto River Auth. v. Duke,* 783 S.W.2d 209, 210 (Tex.1990). Thus, the judgment must stand, because it may have been based on a ground not specifically challenged by appellant. *See Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970).

We overrule points of error one, two, and three.

We affirm the judgment of the trial court.