NUMBER 13-00-084-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


INDUSTRIAL SERVICES U.S.A., INC., Appellant,


v.


AMERICAN BANK, N.A., Appellee.


___________________________________________________________________


On appeal from the 214th District Courtof Nueces County,

Texas

___________________________________________________________________


OPINION 



Before Justices Hinojosa, Yañez, and Chavez


Per Curiam



 This is an attempted appeal of a summary judgment granted on
January 5, 2000 by the 214th District Court of Nueces County. The
notice of appeal was due on February 5, 2000, and any motion to
extend time for filing the notice of appeal was due on February 20,
2000. The notice of appeal was filed on February 7, 2000; no motion
for extension of time to file the notice of appeal was filed. 

 To perfect an appeal, a notice of appeal generally must be filed
within thirty days after the date the judgment is signed. Tex. R. App.
Proc. 26.1. A motion to extend the time to file a notice of appeal may
be filed within fifteen days after the deadline for filing the notice of
appeal. Tex. R. App. Proc. 26.3. The motion for extension of time must
contain the facts relied on to reasonably explain the need for an
extension. Tex. R. App. Proc. 10.5(b). 

 On March 8, 2000, this Court notified appellant's counsel as
follows:

 Upon inspection of the clerk's record, it appears that
the appeal has not been timely perfected. Pursuant to Tex.
R. App. P. 42.3, you are hereby given notice of this defect so
that steps may be taken to correct the defect, if it can be
done. If, after the expiration of ten days from the date of
receipt of this letter, this defect is not cured, this appeal shall
be dismissed.


Appellant has not responded to this notice.

 In Verburgt v. Donner, 959 S.W.2d 615 (Tex. 1997), the Texas
Supreme Court held that "a motion for extension of time is necessarily
implied when an appellant acting in good faith files a bond beyond the
time allowed by Rule 41(a)(1), but within the fifteen-day period in which
the appellant would be entitled to move to extend the filing deadline
under Rule 41(a)(2)." Id. at 617. Although Verbergt was decided under
the former rules of appellate procedure, the exception has been held
applicable to the filing of the notice of appeal under the current rules. 
Smith v. Houston Power & Lighting Co., 7 S.W.3d 287, 288 (Tex.
App.--Houston [1st Dist.] 1999, no pet. h.); Kidd v. Paxton, 1 S.W.3d
309, 310 (Tex. App.--Amarillo 1999, no pet. h.).

 However, this judicially-created implication does not extend to the
requirement that the movant provide a reasonable explanation why an
extension is necessary; it is still necessary to demonstrate facts that
reasonably show a need to extend the time for filing the notice of
appeal. Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1998)
(applying the Verbergt rule to late-filed pauper's affidavit in lieu of
appeal bond); Smith, 7 S.W.3d at 288-89; Kidd, 1 S.W.3d at 310;
Coronado v. Farming Technology, Inc., 994 S.W.2d 901, 901-02 (Tex.
App.--Houston [1st Dist.] 1999, no pet.).; Miller v. Greenpark Surgery
Center Assoc., Ltd., 974 S.W.2d 805, 807-08 (Tex. App.--Houston [14th
Dist.] 1998, no pet.).

 Appellant has failed to provide this Court with facts that
reasonably show the need to extend the time for filing the notice of
appeal. We hold this appeal was not timely perfected and dismiss it for
want of jurisdiction. 

 

 Per Curiam

 Publish.

Tex. R. App. P. 43.7.

Order delivered and filed 

this the 20th day of April, 2000.