Dismissed and Majority and Dissenting Opinions filed November 14, 2002









Dismissed and Majority and Dissenting Opinions filed
November 14, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00921-CV

____________

 

MICHAEL P. HYKONNEN, Appellant

 

V.

 

BAKER HUGHES BUSINESS SUPPORT SERVICES,
Appellee

 



 

On
Appeal from the 164th District Court

Harris
County, Texas

Trial
Court Cause No. 01-53239

 



 

M A J O R I T Y  O P I
N I O N

This is an attempted appeal from a judgment signed May 17,
2002.  Appellant filed a timely motion
for new trial on June 17, 2002. 
Appellant=s notice of appeal was filed August 30, 2002, more than
ninety days after the judgment was signed. 
See Tex. R. App. P. 26.1(a).  Appellant filed a motion to extend time to
file the notice of appeal contemporaneously with the notice of appeal.  








When the appellant has filed a timely motion for new trial,
motion to modify the judgment, motion to reinstate, or request for findings of
fact and conclusion of law, the notice of appeal must be filed within ninety
days after the date the judgment is signed. See Tex. R. App. P. 26.1(a). 
Appellant=s notice of appeal was not filed timely; however, a motion
for extension of time is necessarily implied when an appellant, acting in good
faith, files a notice of appeal beyond the time allowed by rule 26.1, but
within the fifteen-day grace period provided by rule 26.3 for filing a motion
for extension of time.  See Verburgt v. Dorner, 959
S.W.2d 615, 617-18 9 (1997) (construing predecessor to rule 26).  Even if the notice of appeal is filed within
the fifteen-day grace period, the appellant must offer a reasonable explanation
for failing to file the notice of appeal in a timely manner.  See Tex.
R. App. P. 26.3, 10.5(b)(1)(C); Verburgt,
959 S.W.2d at 617-18.  Appellant=s notice of appeal was filed within
the fifteen-day period provided by rule 26.3, and appellant filed a timely
motion to extend time to file the notice of appeal.  These two things alone, however, are not
sufficient to entitle appellant to an extension.  Pursuant to rules 26.3 and 10.5(b), appellant
must also reasonably explain the need for the extension.  See Jones v. City of Houston, 976
S.W.2d 676, 677 (Tex. 1998) (holding that under Verburgt,
if appellant can reasonably explain need for extension after filing within the
fifteen-day period, he should be entitled to prosecute appeal).  

In his motion, appellant states that his trial attorney, who
represented him at no charge in the proceedings below, was not willing to
handle the appeal.  Appellant claims he
did not have the funds to hire another attorney and was unable to obtain
alternate counsel.  After further
conversations, appellant=s counsel agreed to represent appellant on appeal and to
charge him only for out-of-pocket expenses and court costs.  In essence, appellant contends  the notice of appeal was untimely because he
did not have funds to hire an attorney at the time the notice was due.  

In response to the motion to extend time to file the notice
of appeal, appellee filed a motion to dismiss the
appeal.  In its motion, appellee argues appellant=s motion does not provide a
reasonable explanation, and therefore, the appeal should be dismissed.  We agree.








A reasonable explanation means any plausible statement of
circumstances indicating that the failure to file within the required time
period was not deliberate or intentional, but was the result of inadvertence,
mistake, or mischance.  Garcia v. Kastner Farms, Inc., 774 S.W.2d 668, 669 (Tex.
1989).  Any conduct short of deliberate
or intentional noncompliance qualifies as inadvertence, mistake or mischanceCeven if that conduct can be
characterized as professional negligence. 
Garcia, 774 S.W.2d at 670. 


In this case, appellant does not contend that he did not know
the deadline for filing the notice of appeal; rather, he deliberately
failed to file the notice until he found an attorney to represent him on appeal
at little or no cost.  Appellant had
other options available in seeking to appeal the trial court=s judgment besides a delay in filing
the notice of appeal.  Appellant could
have filed a timely pro se notice of appeal accompanied by an affidavit of
indigence.  See Tex. R. App. P. 20.1.  Or, appellant simply could have filed a
timely pro se notice of appeal and continued pursuing the appeal on his own
until he could find an attorney willing to represent him at a reduced fee.  If necessary, appellant could have sought
extensions of time in the appellate court for filing the record and other
documents.  See Tex. R. App. P. 35.3(c).  If appellant could not find an attorney, he
could have prosecuted the appeal on his own behalf.  








Given these options, appellant=s decision to ignore the deadline for
filing the notice of appeal until he could secure representation is not a
reasonable explanation for failing to file the notice of appeal as required by
the rules of appellate procedure.  Our
holding is in accord with other decisions by the appellate courts regarding an
appellant=s deliberate decision to delay in
filing a notice of appeal.[1]  In Weik
v. Second Baptist Church of Houston, 988 S.W.2d 437, 439 (Tex. App.CHouston [1st Dist.] pet. denied),
appellant=s explanation for failing to timely
file the notice of appeal was based on advice from his attorney.  The attorney told the appellant that if he
appealed while the trial court still had authority to reinstate the case and it
did reinstate the case, the appellant would have a difficult time prosecuting
his claim because of the trial court=s displeasure.  Id. 
The attorney agreed to file the motion only after the trial court=s plenary power expired.  Id. 
The First Court of Appeals held this showed an intentional decision by
the appellant to delay filing.  Id.  Accordingly, the court dismissed the appeal
for want of jurisdiction.  Id.  

Similarly, in Rodman v. State, 47 S.W.3d 545, 548
(Tex. App.CAmarillo 2000, no pet.), the court of
appeals found the appellant=s excuse was not reasonable when, after the State disclosed
its intent to indict the appellant for other crimes after expiration of
the time for giving notice of appeal, the appellant decided to appeal and
preserve his eligibility for probation in the upcoming trials.  Id. 
The court found this demonstrated the appellant=s intentional, deliberate decision
not to file a notice of appeal within the time frame required by the
rules.  Id.  

In neither of these cases did the appellants allege they were
unaware of the deadline; rather, they each made a conscious decision to pursue
strategies other than the timely filing the notice of appeal.  The same is true in the case before us:  appellant did not aver he was unaware of the
deadline for filing his noticeChe consciously decided to continue to seek free or low cost
representation rather file a timely notice of appeal on his own behalf.  Having found appellant=s explanation unreasonable under the
supreme court=s definition in Garcia, we
deny appellant=s motion to extend time to file the
notice of appeal and grant appellee=s motion to dismiss the appeal for
want of jurisdiction.  

Accordingly, the appeal is dismissed.  

 

 

 

/s/        Leslie Brock Yates

Justice

 








 

 

Judgment rendered
and Majority and Dissenting Opinions filed November 14, 2002.

Panel consists of
Justices Yates, Anderson, and Frost. 
(Anderson, J., dissenting).  

Publish C Tex.
R. App. P. 47.3(b).

 








Dismissed and Majority and Dissenting Opinions filed
November 14, 2002.

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00921-CV

____________

 

MICHAEL
P. HYKONNEN, Appellant

 

V.

 

BAKER
HUGHES BUSINESS SUPPORT SERVICES, Appellee

 



 

On
Appeal from the 164th District Court

Harris
County, Texas

Trial
Court Cause No. 01-53239

 



 

D
I S S E N T I N G  
O P I N I O N

I
respectfully dissent from the Court=s decision to deny appellant=s motion to extend time to file the notice of appeal and to
grant appellee=s motion to dismiss.  








In
Verburgt v. Dorner,
959 S.W.2d 615 (Tex. 1997), the supreme court reiterated the principles
applicable to the proper interpretation of the Texas Rules of Appellate
Procedure where the viability of an appeal is in question.  The court specifically stated that appellate
courts should not dismiss an appeal for a procedural defect whenever any
arguable interpretation of the rules would preserve the appeal.  Id. 
(emphasis added).  The court then
noted that the appellate rules disfavor disposing of an appeal based upon
harmless procedural defects.  Id.  Finally, appellate courts are instructed to
construe the rules of appellate procedure liberally and not impose requirements
triggering a loss of the right of appeal unless absolutely necessary to effect
the purposes of a rule.  Id. at
616-17; see also Jones v. City of Houston, 976 S.W.2d 676 (Tex.
1998).  

As
noted by the majority, a Areasonable explanation@ for needing an extension of time in which to perfect an appeal
is any plausible statement of circumstances indicating the failure to timely
file was not deliberate or intentional, but was the result of inadvertence,
mistake, or mischance.  Garcia v. Kastner Farms, Inc., 774 S.W.2d 668, 670.  Garcia emphasized that the proper
focus in determining whether an explanation is reasonable is whether a
deliberate or intentional failure to comply with the appellate rules has
occurred, and that any conduct short of deliberate or intentional
noncompliance qualifies as a reasonable explanation.  Id.; see also Meshwert
v. Meshwert, 549 S.W.2d 383, 384 (Tex. 1977)
(emphasis added).  

In
his motion to extend time to file the notice of appeal, appellant explains he
was without funds to hire an attorney to represent him on appeal.  He specifically states he was unable to
obtain another attorney until, after further conversation (and perhaps
entreaties), his trial counsel agreed to represent him on appeal free of charge
except for out-of-pocket expenses and court costs.  This explanation shows, at best, appellant
was negligent in failing to take advantage of the courses of conduct suggested
by the majorityBassuming, as a layman, appellant was aware of these
options.  This does not evidence a
deliberate or intentional disregard of the rules for perfecting appeals as
required by Garcia.  








The
supreme court has held that negligence of counsel is a Areasonable
explanation@ for failure to timely file a notice of appeal.  Garcia, 774 S.W.2d at 670.  I fail to see how the explanation that
counsel was negligent is any more reasonable, as that phrase is defined in Garcia,
than an appellant=s claim that he was unable to hire appellate counsel within the
relevant time period because he lacked the necessary funds.  Appellant=s success in ultimately convincing trial counsel to continue
his representation establishes appellant=s desire and diligence in pursuing his appeal, and demonstrates
that his actions in failing to timely file the notice of appeal were not
intentional or deliberate.  At worst, it
can be said appellant was negligent in not knowing or not taking advantage of
the alternate suggestions recommended by the majority.  

Once
appellant offered an explanation which indicated he did not show an intentional
disregard for the rules relevant to timely perfection of an appeal, he met the
requirement of rule 10.5(b)(1)(C) as interpreted by Garcia and Meshwert.  The
supreme court has provided firm guidance on this matter:  appellate courts should not dismiss an appeal
for a procedural defect if any arguable interpretation of the rules would
preserve the appeal.  Verburgt,
959 S.W.2d at 616.  It is more than
arguable that an inability to hire appellate counsel because of insufficient
financial resources is a reasonable explanation for failing to timely perfect
an appeal.  I would find it difficult
indeed to hold that poverty is an intentional or deliberate act. Finally, appellee has not claimed harm from the extra time it took
for appellant to file his notice.  

The
majority cites no case in which a court has held that the explanation of
insufficient funds to timely hire appellate counsel is not reasonable.  The only published case which I have found
that addresses this specific issue is Smith v. Houston Lighting & Power
Co., 7 S.W.3d 287 (Tex.
App.CHouston [1st Dist.] 1999, no pet.).  There,
the appellant explained he was represented on a contingency basis at trial and
could not afford to hire an appellate attorney. Id. at 289.  It was not until the day the notice of appeal
was due that appellant
was able to secure appellate representation. 
Id.  The attorney then
filed the notice of appeal late, but within the fifteen day grace period.  Id. 
After citing Garcia, the court of appeals held the explanation
provided by the appellant was sufficient to reasonably explain the untimely
notice of appeal.  Id.  








The
decision by the First Court of Appeals, though lacking in-depth analysis, is
more consistent with the guidance provided by the supreme court in Verburght than the decision of the majority in this
case.  Accordingly, I find it more
persuasive than the position taken by the majority in this case.[1]  

As
we are to dispose of appeals on the merits and not on harmless procedural
defects, unless disposition on the basis of the procedural defect is absolutely
necessary to effect the purposes of a rule, I respectfully dissent.  The majority=s holding is unnecessarily punitive under the circumstances of
this case and deprives appellant of his right to pursue his appeal on the
merits, a holding that is unnecessary to effect the purposes of any appellate
rule.  I would grant the motion to extend
time to file the notice of appeal and deny the motion to dismiss.  

 

 

 

/s/        John
S. Anderson

Justice

 

 

Judgment rendered and Majority and
Dissenting Opinions filed November 14, 2002.

Panel consists of Justices Yates,
Anderson, and Frost.  (Anderson, J.,
dissenting).  

Publish C Tex. R. App. P.
47.3(b).

 

 











[1]  We recognize our decision is in conflict with the
holding by the First Court of Appeals in Smith v. Houston Lighting &
Power Co., 7 S.W.3d 287 (Tex. App.CHouston
[1st Dist.] 1999, no pet.).  In Smith,
the court held that the appellant=s
inability to obtain funds to hire appellate counsel was a reasonable
explanation for failing to timely file the notice of appeal.  Id. at 289.  However, in that case, the court seemed to
focus on the appellant=s diligence in seeking appellate counsel and the fact
that once he did, the notice of appeal was filed a mere two days after the
filing deadline.  Id.  Here, evidence of appellant=s diligence in securing appellate counsel is lacking
and the notice of appeal was filed fifteen days after the due date, the last
possible day upon which the notice could have been filed.  





[1]  It also bears
mentioning that after searching both published and unpublished opinions, I have
found only two instances in which this Court has refused to grant an extension
of time to file a notice of appeal.  See
Mukwange v. Metro Transit Authority, 2000 WL
1256527, *1 (Tex. App.CHouston [14th Dist.] September 21, 2000, no pet.) (not
designated for publication); Miller v. Greenpark
Surgery Assocs., Ltd., 974 S.W.2d 805, 808 (Tex. App.CHouston [14th Dist.] 1998, no pet.).  In each of those cases, the appellant failed
to provide any explanation for the failure to timely file the notice of
appeal.  Id. (emphasis
added).