In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00066-CV


______________________________




IN THE INTEREST OF



J. C. W., A. C. W., AND K. A. K., CHILDREN





 


On Appeal from the 8th Judicial District Court


Hopkins County, Texas


Trial Court No. CV33508




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Barbara Keim has filed an appeal from an order terminating her parental relationship with
her three children. The clerk's record in this case was filed on May 13, 2002. The reporter's record
was filed on September 13, 2002. Pursuant to two extensions of time to file the appellant's brief, it
was due on or before November 25, 2002. 

 Instead of filing a brief, counsel filed a notice with this Court stating that he had carefully
reviewed the reporter's record and that he could find no basis to continue to prosecute the appeal. 
On December 16, we again wrote counsel, providing a final warning that, if an appellant's brief did
not arrive within ten days of the date of our letter, the appeal would be subject to dismissal for want
of prosecution pursuant to Tex. R. App. P. 38.8(a)(1).

 Counsel has not again contacted this Court. Accordingly, we dismiss the appeal for want of
prosecution. Tex. R. App. P. 38.8(a)(1), 42.3(b), (c).

 The appeal is dismissed.



 Jack Carter

 Justice


Date Submitted: January 8, 2003

Date Decided: January 9, 2003




>, 7 S.W.3d 287, 288 (Tex. App.-Houston [1st Dist.] 1999, no pet.).

 Under the Court's analysis of the rules, Battle was obligated to show this court that the failure to timely file occurred in
spite of her good faith and reasonably explain why her appeal was not timely perfected. Jones, 976 SW.2d at 677; Miller v.
Greenpark Surgery Ctr. Assocs., 974 S.W.2d 805, 807-08 (Tex. App.-Houston [14th Dist.] 1998, no pet.). In this case,
despite filing the Notice of Appeal, Battle did not attempt to show she was acting in good faith, nor did she reasonably
explain the need for an extension, as is also required by Tex. R. App. P. 10.5(b)(1)(C) and 26.3(b). 

 Battle also did not attempt to provide the necessary information after the State moved to dismiss the appeal for want of
jurisdiction. Under these facts, the requirements set out by the Rules of Appellate Procedure to confer jurisdiction on this
court have not been met. See Kidd v. Paxton, 1 S.W.3d 309, 312 (Tex. App.-Amarillo 1999, no pet.). 

 The appeal is dismissed for want of jurisdiction.







 Ben Z. Grant

 Justice



Date Submitted: June 26, 2002

Date Decided: June 27, 2002



Do Not Publish

1. We requested a response from opposing counsel, but none was received. The motion by the State refers both to the
untimeliness of the Notice of Appeal and to Battle's failure to file a required statement of point or points on which she
intended to appeal as required by Tex. Fam. Code Ann. § 263.405(b) (Vernon Supp. 2002).