Melissa SMITH, individually and as next friend of William Lee Smith, Edward Daniel Smith, and Jedidiah Keith Smith, Minors, and on behalf of the Estate of Danny Smith, Deceased; Linda Smith, individually and on behalf of the Estate of Danny Smith, Deceased; Christy Smith Danna, individually and on behalf of the Estate of Danny Smith, Deceased; Bobby Smith, individually and on behalf of the Estate of Danny Smith, Deceased; and William Preston Smith, individually and on behalf of the Estate of Danny Smith, Deceased, and as next friend of Celby Smith, Cade Smith, and Cody Smith, Appellants,

v.

CUDD PRESSURE CONTROL INC., Appellee.

No. 01–02–00346–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 5, 2003.

Rehearing Overruled July 11, 2003.

Gerald M. Johnson, Johnson Law Firm of Kingwood Texas, Humble, TX, for Appellants.

H. Dwayne Newton, Nelson, McCormicK, Hancock & Newton, Houston, TX, Michael H. Bagot, New Orleans, LA, Erin Patterson, Adams & Reese LLP, Houston, TX, for Appellee.

John Kim, Gallagher, Young, Lewis, Hampton, Downey & Kim L.L.P., Houston, TX, for Ad Litem.

Panel consists of Justices TAFT, JENNINGS, and HANKS.

## OPINION

TERRY JENNINGS, Justice.

Appellants, Melissa Smith, individually and as next friend of William Lee Smith,

Edward Daniel Smith, and Jedidiah Keith Smith, minors, and on behalf of the estate of Danny Smith, deceased; Linda Smith, individually and on behalf of the estate of Danny Smith, deceased; Christy Smith Danna, individually and on behalf of the estate of Danny Smith, deceased; Bobby Smith, individually and on behalf of the estate of Danny Smith, deceased; and William Preston Smith, individually and on behalf of the estate of Danny Smith, deceased, and as next friend of Celby Smith, Cade Smith, and Cody Smith (collectively, the Smiths), challenge a take-nothing judgment rendered in favor of appellee, Cudd Pressure Control, Inc. (Cudd), on the Smiths' claims for negligence and products liability brought against Cudd arising from a fatal gas well explosion.

■■■■ A jury returned a verdict in favor of the Smiths and awarded actual damages of approximately $14.7 million. Based on its application of Texas's dollar-for-dollar settlement credit statute,[1] the trial court entered a take-nothing judgment against the Smiths. In their sole issue,[2] the Smiths contend that, following the verdict, the trial court erred in applying Texas's dollar-for-dollar settlement credit, instead of Louisiana's proportionate settlement credit, to reduce the amount of damages awarded by the jury. We affirm.

### Factual and Procedural Background

This lawsuit arises from a 1998 gas well explosion in which Danny Smith was fatally injured. Sonat Exploration Company (Sonat) hired Cudd, a snubbing[3] contractor, to provide labor and equipment necessary to complete a gas well located in Louisiana. On October 24, 1998, while Cudd's crew was attempting to insert a piece of down-hole equipment, known as a "packer," into the well, the explosion occurred. The packer, manufactured by Halliburton Energy Services, Inc. (Halliburton), failed due to a weak connection. The explosion killed four members of the Cudd crew and three members of a crew employed by Key Energy Services (Key). Danny Smith was a member of the Key crew, and died as a result of the injuries he sustained in the explosion.

The Smiths initially filed suit against Cudd, Sonat, and Halliburton in Harris County, Texas, but then non-suited the Texas case and filed suit in the Parish of Orleans, Louisiana. The Smiths then dismissed their Louisiana action and filed suit against Cudd and Sonat a second time in Harris County, Texas. All of the Smiths settled with Sonat for a total of $63,800,000.

Cudd filed a motion in the trial court to apply Louisiana law to the case, which was

---

1. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 33.002(b)(1) (Vernon 1997).

2. We note that the Smith's filed their notice of appeal after the deadline for filing the notice had passed, but within the 15–day period allowed for an extension of time. *See* TEX R.APP. P. 26.3. We construe a notice of appeal filed after the deadline, but within the 15–day extension period, to imply a motion for an extension of time. *Smith v. Houston Lighting & Power Co.,* 7 S.W.3d 287, 288 (Tex.App.-Houston [1st Dist.] 1999, no pet.). However, an appellant must reasonably explain the need for such an extension. TEX. R.APP. P. 10.5(b); *Smith,* 7 S.W.3d at 288.

The Smiths have filed an affidavit articulating a "plausible statement of circumstances indicating that [their] failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Smith,* 7 S.W.3d at 289 (quoting *Garcia v. Kastner Farms, Inc.,* 774 S.W.2d 668, 669 (Tex. 1989)). Accordingly, we grant the Smith's implied motion for extension of time, and address the merits of their appeal.

3. "Snubbing" is the insertion of tubular members into an oil or gas well where the well has pressure on it at the wellhead.

contested by the Smiths. The Smiths argued that "the number and importance of the Texas contacts in this case mandates the application of Texas law" and that Cudd "failed to produce evidence showing any conflict between Louisiana and Texas law." The Smiths also argued that the only issue that may have required a conflicts of law analysis by the trial court was the issue of punitive damages, which the Smiths argued should be determined using Texas law. Cudd withdrew its motion to apply Louisiana law and agreed to the application of Texas law as it related to the Smiths' claims.

Trial commenced on September 11, 2001, with the trial court applying and following Texas law. Before the trial court submitted the case to the jury, Cudd filed a written election to receive a dollar-for-dollar settlement credit. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 33.014 (Vernon 1997). On October 4, 2001, the jury found Cudd liable for negligence and returned a verdict of $14,741,783.36 in actual damages. The jury further found 45 percent of the causation attributable to Cudd, 20 percent to Halliburton, and 35 percent to Sonat. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 33.003 (Vernon 1997).

After the jury's verdict, Cudd moved for final judgment, asking that the Smiths take nothing and that all costs be assessed against the Smiths. The Smiths challenged Cudd's motion for final judgment, and requested that the trial court take judicial notice of and apply Louisiana's proportionate settlement credit and assess costs against Cudd. On December 17, 2001, the trial court signed a final judgment ordering that the Smiths take nothing and assessing costs against Cudd.

### Settlement Credit

█ In support of their argument that Louisiana's proportionate settlement credit should be applied in this case, the Smiths contend that a conflict of laws analysis is required and that Louisiana is the state with the "most significant relationship" to the settlement credit issue. *See Gutierrez v. Collins*, 583 S.W.2d 312, 319 (Tex.1979) (holding, absent statutory directive, all conflicts cases sounding in tort governed by "most significant relationship" test enunciated in sections 6 and 145 of Restatement (Second) of Conflicts).

However, Chapter 33 of the Civil Practice and Remedies Code expressly governs the settlement credit issue in this case. *Drilex Systems, Inc. v. Flores*, 1 S.W.3d 112, 121 (Tex.1999). Chapter 33 applies to "any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought." TEX. CIV. PRAC. & REM.CODE ANN. § 33.002(a) (Vernon 1997).

█ Section 33.012 requires that the trial court reduce a judgment according to one of two methods—a dollar-for-dollar credit or a sliding scale—elected by the defendant, as follows:

If the claimant has settled with one or more persons, the court *shall* further reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a credit equal to one of the following, as elected in accordance with Section 33.014:

(1) the sum of the dollar amounts of all settlements; or

(2) a dollar amount equal to the sum of the following percentages of damages found by the trier of fact:

 (A) 5 percent of those damages up to $200,000;

 (B) 10 percent of those damages from $200,001 to $400,000;

 (C) 15 percent of those damages from $400,001 to $500,000;

(D) 20 percent of those damages greater than $500,000.

*Id.* § 33.012(b) (emphasis added). Thus, section 33.012 *requires* a trial court to reduce damages when there is a settlement covering some or all of the damages awarded in the judgment.

 The only question is by what amount the trial court should reduce the damages. Section 33.014 provides as follows:

> If a claimant has settled with one or more persons, an election must be made as to which dollar credit is to be applied under Section 33.012(b). This election shall be made by any defendant filing a written election before the issues of the action are submitted to the trier of fact and, when made, shall be binding on all defendants. If no defendant makes this election or if conflicting elections are made, all defendants are considered to have elected Subdivision (2) of Section 33.012(b).

*Id.* § 33.014. A defendant must file an election for a dollar-for-dollar settlement credit before the case is submitted to the jury. *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 927 (Tex.1998). The burden is upon such a defendant seeking a settlement credit to prove the settlement credit amount by placing the settlement agreement or some evidence of the settlement agreement into the record. *Id.*

 Here, Cudd properly followed the statutory requirements to establish a dollar-for-dollar settlement credit. The record reflects that Cudd filed a written dollar-for-dollar credit election before the case was submitted to the jury. Cudd's written election set forth evidence of the dollar amounts of all settlements entered into by the Smiths, as established by the Smiths' responses to requests for admissions. Thus, the trial court was required, under Chapter 33, to reduce the amount of the Smiths' damages dollar-for-dollar.

TEX. CIV. PRAC. & REM.CODE ANN. § 32.012(b).

The Smiths contend, however, that "Cudd presented its motion requesting a Texas credit after the jury returned its verdict." The Smiths assert that the holding in *Utts v. Short*, 81 S.W.3d 822 (Tex. 2002), provides a party with an opportunity, at this point, "to show why the Texas credit should not apply" after the jury has returned its verdict. However, the Smiths misconstrue *Utts*, which concerns cases involving facts suggesting that a *nonsettling plaintiff* may have "benefited from a settling plaintiff's settlement proceeds." *Id.* at 825. The Texas Supreme Court in *Utts* provided a *nonsettling defendant* with a remedy for such a "sham" and reaffirmed the written election requirement of section 33.014. *Id.* at 829.

 The Smiths' claim also falls under the "One Satisfaction Rule," which was designed to prevent a windfall to plaintiffs, and dictates that when a plaintiff files a suit against multiple defendants for a single injury, any settlements will be credited against the amount for which non-settling defendants are found liable. *First Title of Waco v. Garrett*, 860 S.W.2d 74, 78 (Tex. 1993). The rationale for this doctrine is that a plaintiff should not receive a windfall by recovering an amount in court that covers the plaintiff's entire damages, but to which a settling defendant has already partially contributed. *Id.*

### Conclusion

Appellants ask this Court for a piecemeal application of Chapter 33, in which they would keep the comparative causation findings of the jury, made under Subchapter A, entitled "Proportionate Responsibility," but exclude the application of a settlement credit made under Subchapter B, entitled "Contribution." Only after the jury had returned its verdict did the Smiths request that the trial court take

judicial notice of and apply Louisiana's proportionate settlement credit.

A conflict of laws analysis regarding Louisiana's proportionate settlement credit is improper because Chapter 33 of the Civil Practice and Remedies Code expressly applies to "any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought." TEX. CIV. PRAC. & REM.CODE ANN. § 33.002(a). After the jury found Cudd liable for negligence and assessed its proportionate responsibility under Chapter 33, the trial court was required, pursuant to Cudd's written election, to apply a dollar-for-dollar settlement credit to reduce the amount of damages awarded to the Smiths. Accordingly, we hold that the trial court did not err in applying Texas's dollar-for-dollar settlement credit, and we overrule the Smiths' sole issue.

We affirm the judgment of the trial court.