Opinion issued February 26, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01077-CV




TRACY SUTTLES, Appellant

V.

THE THOMAS BEARDEN COMPANY, Appellee




On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 0158031




O P I N I O N
          This is an appeal from a summary judgment in favor of appellee, The Thomas
Bearden Company (“TBC”), and against appellant, Tracy Suttles. At issue in this
case is appellant’s liability on a promissory note. On appeal, appellant contends that
the trial court erred in granting summary judgment holding him individually liable on
the note because (1) he signed the note solely in a representative capacity; (2)
material fact issues existed as to his liability; and (3) the note was void as a matter of
law.
          We reverse and remand.
Facts & Procedural History
          On June 28, 1999, appellant signed a one-page promissory note payable to
TBC in the principal amount of $250,000. The note stated, in relevant part, as
follows:
FOR GOOD AND VALUABLE CONSIDERATION, the undersigned
Borrowers, jointly and severally, do hereby promise to pay to Thomas
Bearden


 (Lender), the amount of $250,000, together with interest
accrued at the rate of 7% percent [sic] per annual [sic]. Said amount is
to be payable in 36 installments of Interest Only, the first of which is
due on or before 25th of August, and following payments to be made on
the 25th of each Month.




          Appellant signed the note twice. Appellant’s first signature appeared below
the typed written body of the note as follows:
 
Gessner Partners Ltd.___



TS Clare, Inc., General Partner
Tracy Suttles, President
/s/ Tracy Suttles 
Borrower

In an empty space at the bottom of the page, the parties wrote a handwritten
amendment to the note. Appellant again signed below the handwritten amendment,
as did Bruce Ripper, the president of TBC. The amendment and parties’ signatures
appeared on the note as follows:
Interest will accrue from Oct 17, 1997. A $50,000 principal payment
will be due June 28, 2000.
                                                                        /s/ Bruce Ripper 
                                                                        /s/ Tracy Suttles 

          On September 14, 2000, TBC gave appellant notice that the note was in default
and demanded payment in the total sum of $290,523.18. On November 9, 2001, TBC
sued on the note, naming appellant, NBC Properties, Inc., TS Clare, and Gessner as
defendants. On March 8, 2002, TBC requested a partial summary judgment on its
claims against both Gessner and appellant. The trial court granted TBC’s motion for
partial summary judgment on July 9, 2002, after which TBC dismissed its remaining
claims, making the partial summary judgment a final judgment.
 
Liability on the Promissory Note
          Appellant contends that the trial court erred in finding Business and Commerce
Code, subsection 3.402(b)(1) did not shield him from liability on the note. 
Specifically, appellant asserts that the face of the note unambiguously showed that
he signed solely in his representative capacity as the president of TS Clare; therefore,
subsection 3.402(b)(1) relieved him of liability. In response, TBC contends that
subsection 3.402(b)(1) is not applicable to the subject note because (1) TS Clare was
not “identified” in the instrument and (2) the note was ambiguous with regard to
whether appellant signed solely in a representative capacity. 
          A traditional summary judgment under Rule 166a(c) is proper only when the
movant establishes that there is no genuine issue of material fact and that it is entitled
to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall’s Food Mkts., Inc.
v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). In reviewing a summary judgment, we
indulge every reasonable inference in favor of the non-movant and resolve any doubts
in its favor. Johnson, 891 S.W.2d at 644; Lawson v. B Four Corp., 888 S.W.2d 31,
33 (Tex. App.—Houston [1st Dist.] 1994, writ denied). We take all evidence
favorable to the non-movant as true. Johnson, 891 S.W.2d at 644; Lawson, 888
S.W.2d at 33. When, as here, a summary judgment does not state the specific grounds
on which it was granted, a party appealing from the judgment must show that each of
the independent arguments alleged in the motion is insufficient to support the
judgment. Smith v. Houston Lighting & Power Co., 7 S.W.3d 287, 290 (Tex.
App.—Houston [1st Dist.] 1999, no pet.).
          To prevail on a motion for summary judgment to enforce a promissory note, a
plaintiff must establish that (1) a note exists; (2) the plaintiff is the legal owner and
holder of the note; (3) the defendant is the maker of the note; and (4) a certain balance
remains due and owing on the note. Blakenship v. Robins, 899 S.W.2d 236, 238
(Tex. App.—Houston [14th Dist.] 1994, no writ). To prove that the defendant is the
maker of the note, the plaintiff must present summary judgment evidence indicating
that the defendant’s signature appears on the note or that a representative of the
defendant signed the note on the defendant’s behalf.


 
          Even if it is shown that a defendant signed as the maker of a note, the
defendant may nevertheless escape liability if the signature was made in a
representative capacity. Tex. Bus. & Com. Code Ann. § 3.402 (Vernon 2002). 
Indeed, if Business and Commerce Code, subsection 3.402(b)(1) applies to a note, the
signatory is not liable as a matter of law.


 Id. § 3.402(b)(1). Subsection 3.402(b)(1)
provides as follows:
(b) If a representative signs the name of the representative to an
instrument and the signature is an authorized signature of the
represented person, the following rules apply:



 
(1)If the form of the signature shows unambiguously that
the signature is made on behalf of the represented
person who is identified in the instrument, the
representative is not liable on the instrument.

Id. (emphasis added).

Applicability of Subsection 3.402(b)(1)
                                         To determine the applicability of subsection
3.402(b)(1), we primarily consider the words used in
the statute itself. See Cities of Austin, Dallas, Fort
Worth, and Hereford v. Southwestern Bell Tel. Co., 92
S.W.3d 434, 442 (Tex. 2002). However, we may also
consider the object to be attained by the statute, the
circumstances surrounding the statute’s enactment,
legislative history, former statutory and common law,
and the consequences of a particular construction. Id. 
 
          The words used in an enactment shall be interpreted in their ordinary sense,
unless they are given a specific statutory definition. Osterberg v. Peca, 12 S.W.3d
31, 38 (Tex. 2000). We will also presume that the legislature used every word of a
statute for a purpose. Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 540 (Tex.
1981). We avoid construing a statutory provision in isolation from the rest of the
statute, considering the act as a whole and not just single phrases, clauses, or
sentences. Morrison v. Chan, 699 S.W.2d 205, 208 (Tex. 1985).
          In the instant case, as president of the corporation, appellant was a
representative of TS Clare. Relatedly, the parties do not dispute appellant’s authority
to bind TS Clare to the note. The note, itself, shows that TS Clare was identified in
the signature block of the instrument. Also, the signature block identified appellant
as president of TS Clare. We conclude that, when appellant signed the note’s
signature block, he did so as an authorized representative of TS Clare. We further
conclude that TS Clare was identified in the instrument and that the form of the
signature block showed unambiguously that appellant’s signature was made on behalf
of TS Clare. 
           We disagree with TBC’s contention that the “represented person” (i.e., TS
Clare) was not identified in the note. Although TS Clare was never mentioned in the
body of the note, it was identified in the signature block in which appellant signed. 
Subsection 3.402(b)(1) merely requires that the principal be identified “in the
instrument.” Tex. Bus. & Com. Code Ann. §3.402(b)(1). There is no requirement
that the principal be identified in the body of the note.


 See id. We conclude that the
identification of TS Clare within the note’s signature block was sufficient
“identification” under section 3.402(b)(1).
          We also disagree with TBC’s contention that the form of appellant’s signature
failed to show unambiguously that the signature was made solely on behalf of TS
Clare. We find the three ambiguities identified by TBC to be unpersuasive.           First, TBC directs this Court’s attention to the body of the note, which refers
to multiple borrowers and provides for joint and several liability among such
borrowers. This, TBC contends, is inconsistent with the notion that only
Gessner—and thus TS Clare as its general partner—was meant to be liable on the
note, thereby creating ambiguity as to the capacity in which appellant signed. 
However, under subsection 3.402(b)(1), we do not look to the note as a whole to
discern whether representative capacity was ambiguous; we look only to the “form
of the signature” to insure that the signature, itself, unambiguously shows
representative capacity. See id. This analysis is more limited than that provided for
under former section 3.403—which directed courts to look to the “instrument” to
determine representative capacity—but is required to give effect to the changed
language of the statute.


 Compare Act of September 1, 1967, 60th Leg., R.S., ch.
785, § 3.403, 1967 Tex. Gen. Laws 2343, 2423 (amended 1995) with Tex. Bus. &
Com. Code Ann. § 3.402(b)(1). 
 
          Second, TBC contends that the signature block does not unambiguously show
that appellant signed in a representative capacity because “although [appellant] is
identified as ‘President,’ his signature does not indicate that he is signing for TS
Clare, Inc. This could easily have been done by including the word ‘by’ in front of
his signature.” The comments to section 3.402 indicate that the revisions made to
former section 3.403 were for the purpose of providing further protection to agents
who sign negotiable instruments in their representative capacity. Tex. Bus. & Com.
Code Ann. § 3.402, cm 2. Thus, in drafting the new provision, the legislature moved
away from case law under the former provision which interpreted section 3.403 to
require an obsequious adherence to a specific signature form. Id. As the drafters
state in the comments to the new provision:
The approach followed by former Section 3-403 was to specify the form
of signature that imposed or avoided liability. This approach was
unsatisfactory. There are many ways in which there can be ambiguity
about a signature. It is better to state a general rule. Subsection (b)(1)
states that if the form of the signature unambiguously shows that it is
made on behalf of an identified represented person (for example, “P, by
A, Treasurer”) the agent is not liable. This is a workable standard for a
court to apply. 
Id. We conclude that, under revised section 3.402, a preposition was not required to
show appellant’s representative capacity; it was enough that the signature identify TS
Clare, appellant, and the capacity in which appellant signed on behalf of TS Clare. 
 
 
          Finally, TBC contends that “the handwritten interlineations on the note are
consistent with an interpretation of individual liability in that there is no indication
of representative capacity whatsoever.” However, the signatures below the
handwritten amendment to the note are neither consistent nor inconsistent with any
theory of representative capacity. 
          Normally, a signature and any accompanying words are considered an
indorsement unless the accompanying words, terms of the instrument, place of the
signature, or other circumstances unambiguously indicate that the signature was made
for a purpose other than indorsement. Tex. Bus. & Com. Code Ann. § 3.204(a)
(Vernon 2002). 
          In the instant case, both the placement of the signatures as well as the words
accompanying them suggest that the signatures were merely an attempt by the parties
to indicate on the face of the note that the handwritten portion thereof was an
authorized amendment to the original terms of the note. They do not suggest that
either appellant or Bruce Ripper meant to become liable on the note as indorsers by
means of such signatures. Given the limited purpose for which the parties signed, we
conclude that appellant’s failure to indicate his representative capacity when signing
below the handwritten amendment neither made him individually liable on the note
nor created ambiguity with regard to his signature on behalf of TS Clare.
 
          We conclude that TBC has failed to show either that TS Clare was not
identified in the note or that the form of appellant’s signature was ambiguous as to
appellant’s representative capacity. 
          We hold that, because appellant was not individually liable on the subject note
as a matter of law, pursuant to Business and Commerce Code, subsection 3.402(b)(1), 
the trial court erred in granting summary judgment against appellant.
Conclusion
          Having determined that the trial court erred in granting summary judgment
because appellant was not individually liable on the subject note as a matter of law,
we need not consider appellant’s remaining arguments on appeal. We reverse the trial
court’s judgment and remand for further proceedings.
 
 

                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Higley.