**Opinion issued May 1, 2014**



In The

# Court of Appeals
### For The
# First District of Texas

———

## NO. 01-12-00871-CV

———

**PETER NGUYEN, TAN DANG, HOAN NGUYEN, AND HOANG PHAM,
Appellants**

**V.**

**SAIGON CONDOS, Appellee**

On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2011-00969

# MEMORANDUM OPINION

Appellants, Peter Nguyen, Tan Dang, Hoan Nguyen, and Hoang Pham, attempt to appeal from the trial court's judgment signed July 27, 2012.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if, within 30 days after the judgment is signed, any party files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *Id.*; TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within 15 days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

The record reflects that the trial court signed the final judgment on July 27, 2012. Appellants' notice of appeal was therefore due by August 27, 2012. *See* TEX. R. APP. P. 4.1(a), 26.1.

Appellants filed their notice of appeal and a motion to extend the deadline to file a notice of appeal on September 11, 2012. Appellants' motion to extend the

deadline and notice of appeal were both filed within the 15-day extension period. *See* TEX. R. APP. P. 26.3. Appellants were still required, however, to offer a reasonable explanation of the need for an extension. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). Appellants offered no explanation of the need for an extension in their motion or their notice of appeal, nor did appellants show that their failure to timely file the notice of appeal was not deliberate or intentional. *See id.* at 677; *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 669 (Tex. 1989); *Smith v. Houston Lighting & Power Co.*, 7 S.W.3d 287, 288 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Because appellants offered no explanation for the delay, the notice of appeal was not timely. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

On November 29, 2012, we notified appellants that their appeal was subject to dismissal for want of jurisdiction unless, by December 10, 2012, they filed a response providing a reasonable explanation for untimely filing the notice of appeal. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.1, 26.3, 42.3(a); *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617–18.

On December 18, 2012, appellant Peter Nguyen filed a motion for extension of time, stating that he was in the process of hiring a new attorney and requesting

3

an extension to February 1, 2013.  We granted the motion and required an explanation be provided by February 1, 2013.  No appellant has filed a response.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.