COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          Evergreen Environmental Services, L.L.C. v. Evoqua Water Technologies, LLC

Appellate case number:     01-22-00925-CV

Trial court case number:    2022-48769

Trial court:                          164th District Court of Harris County

On December 13, 2022, appellant, Evergreen Environmental Services, L.L.C., filed a notice of appeal from the trial court's November 8, 2022 order granting appellee, Evoqua Water Technologies, LLC's "Motion to Dismiss for Improper Venue and Motion to Enforce Forum Selection Clause." On January 3, 2023, appellant filed a "Motion for Additional Time for Notice of Appeal."

Absent a timely filed notice of appeal, we lack jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1. Generally, a notice of appeal must be filed within thirty days of the date of the trial court's judgment unless a party files certain post-judgment motions, in which case the deadline is extended to ninety days. *See* TEX. R. APP. P. 26.1(a). Based on the Court's records, no post-judgment motion was filed extending the deadline. Accordingly, based on the date the trial court's order was signed, appellant's notice of appeal was due no later than December 8, 2022. Appellant's December 13, 2022 notice of appeal was not filed before this deadline.

However, Texas Rule of Appellate Procedure 26.3 allows for an extension of the deadline to file a notice of appeal if, within fifteen days after the deadline for filing a notice of appeal, a party files a notice of appeal in the trial court **and** a motion for extension of time to file a notice of appeal in the appellate court. *See* TEX. R. APP. P. 26.3. Taking this extension into account, appellant's notice of appeal and motion for extension of time to file a notice of appeal were due no later than December 23, 2022. Appellant's December 13, 2022 notice of appeal was filed within this extended period. However, appellant's January 3, 2023 "Motion for Additional Time for Notice of Appeal," was not filed within the extended period.

Notably however, we may imply a motion for extension of time to file a notice of appeal where an appellant, acting in good faith, files a notice of appeal within the

fifteen-day extended period provided in Texas Rule of Appellate Procedure 26.3. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). To be entitled to this "implied" extension, "[i]t is still necessary . . . for an appellant to reasonably explain the need for an extension." *See Smith v. Houston Lighting & Power Co.*, 7 S.W.3d 287, 289 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

This Court has concluded that a "reasonable explanation means any plausible statement of circumstances indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Id.* (internal quotations omitted). In its late-filed motion for extension of time to file notice of appeal, appellant alleged that, while the trial court signed the order on November 8, 2022, appellant "did not receive notice of the order until December 2, 2022." We conclude that this is a good faith, "reasonable explanation," for the delay in appellant's filing a notice of appeal. *See Hone v. Hanafin*, 104 S.W.3d 884, 887 (Tex. 2003) ("[T]he court of appeals should ordinarily accept the appellant's explanations as reasonable.").

Because appellant filed its notice of appeal within the fifteen-day extended period provided by Texas Rule of Appellate Procedure 26.3, we imply that appellant's "Motion for Additional Time for Notice of Appeal" was similarly timely filed. *See id.*; *see also Verburgt*, 959 S.W.2d at 617. Accordingly, appellant's "Motion for Additional Time for Notice of Appeal" is **granted**.

It is so ORDERED.


Judge's signature: _/s/ Amparo Guerra_____

         ☑ Acting individually    □ Acting for the Court

Date: ___January 12, 2023_____