**Woodrow W. MILLER and Deloris Bohanna, Appellants,**

v.

**GREENPARK SURGERY CENTER ASSOCIATES, LTD., Greenpark Surgery Center, Inc., and Surgical Care Affiliates, Inc., Appellees.**

**No. 14–97–00137–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 11, 1998.

Rehearing Overruled July 16, 1998.

Woodrow W. Miller, Houston, for appellants.

Layne Thompson, John Kevin Spiller, Alan Brandt Daughtry,Houston, for appellees.

Before MURPHY, C.J., and LEE and HUDSON, JJ.

**OPINION**

LEE, Justice.

This is an appeal from an order granting summary judgment in favor of Greenpark Surgery Center Associates, Ltd., Greenpark

---

Surgery Center, Inc., and Surgical Care affiliates, Inc. (collectively "appellees"). In eighteen points of error, Woodrow W. Miller and Deloris Bohanna (collectively "appellants") contend the summary judgment was improperly granted. We dismiss the appeal for want of jurisdiction.

## Background

On April 6, 1995, Bohanna filed a medical malpractice action against Greenpark Surgery Center ("Greenpark") and Dr. Robert Neville. Thereafter, Bohanna non-suited Dr. Neville and obtained a default judgment against Greenpark. Greenpark filed a motion to set aside the judgment, but before the motion could be ruled upon, the parties began settlement negotiations. The parties soon reached an agreement whereby Bohanna would receive a cash settlement in exchange for signing a release (the "release"). The release stated, in pertinent part:

> The parties to this agreement intend to settle and dispose of, fully and completely, any and all claims, obligations, and liability, if any, which may exist between Deloris Bohanna and Greenpark Surgery Center Associates, Ltd. related to the surgery in question or to the controversies, damage claims, injuries or any causes of action which have been or might have been asserted in the lawsuit styled, *Deloris Bohanna v. Robert Neville, M.D.,* Cause No. 95–017328, pending in the 269th District Court Harris County, Texas.[1]

Bohanna and her attorney, Miller, signed the release, and the parties filed a joint motion to vacate the default judgment and dismiss Bohanna's claims with prejudice. The trial court granted both motions.

Bohanna subsequently filed a motion to vacate the dismissal order on the ground the trial court signed the order after its plenary power had expired. The trial court granted the motion to vacate, and appellants obtained

an abstract of title from the district clerk's office and attempted to execute the judgment. In response, appellees filed suit against appellants seeking (1) a declaratory judgment that the release between the parties was enforceable, (2) injunctive relief to enforce the release, and (3) damages. Appellees also applied for and obtained a temporary injunction blocking any further attempts to execute the default judgment against Greenpark. Shortly thereafter, appellees moved for summary judgment on all of their claims and set the matter for a hearing. Seven days before the hearing, appellants filed numerous counterclaims against appellees. After considering arguments from both sides, the trial court granted summary judgment in favor of appellees and signed a final order denying "all relief not expressly granted." This appeal followed.

## Jurisdiction

■ Before we reach the merits of this case, we must first determine whether we have jurisdiction over this appeal. *See, e.g., Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 443 (Tex.1993). Jurisdiction of a court is never presumed, and if the record does not affirmatively demonstrate the appellate court's jurisdiction, the appeal must be dismissed. *See El–Kareh v. Texas Alcoholic Beverage Comm'n,* 874 S.W.2d 192, 194 (Tex.App.-Houston [14th Dist.] 1994, no writ).

■ The Texas Rules of Appellate Procedure[2] provide that in order to perfect an appeal, an appellant must file a bond or adequate substitute[3] within thirty days after the judgment is signed. *See* TEX.R.APP. P. 41(a)(1). In cases where a timely motion for new trial is filed, the appellate timetable is extended, and an appeal may be perfected if the bond or an adequate substitute is filed within ninety days after the judgment is signed. *Id.* Rule 41 also provides that an

---

1. The parties purportedly released under the terms of the agreement included, among others, each appellee in this case.

2. The Texas Rules of Appellate Procedure were renumbered and substantially revised on September 1, 1997. However, because this appeal was filed before September 1, 1997, all refer-

ences to the Rules of Appellate Procedure in this opinion are to the rules in effect before that date.

3. Rule of Appellate Procedure 40(a)(1) provides that an appeal may be perfected by filing either a "bond, cash deposit or affidavit in lieu thereof."

appellate court may grant an extension of time for the late filing of a bond or its equivalent if (1) the perfecting instrument is filed no more than fifteen days after the date the notice of appeal was due, and (2) a motion is filed in the appellate court reasonably explaining the need for such extension. *Id.* at 41(a)(2).

In this case, the trial court's final order granting summary judgment is dated September 16, 1996. Because appellants filed a timely motion for new trial, they had until Monday, December 16, 1996[4] to file a bond or adequate substitute. The record shows that Miller did not file his affidavit of inability to pay costs until December 18, 1996, two days after the notice of appeal was due. *See* Tex.R.App. P. 41(a)(1).[5] Additionally, neither Miller nor Bohanna filed a motion for extension of time as required by Rule 41(a)(2).

Many appellate courts have held that the second requirement found in Rule 41(a)(2) is mandatory and that an appellant's failure to timely file a motion for extension of time deprives the court of jurisdiction. *See Miller v. Miller,* 848 S.W.2d 344, 344–45 (Tex.App.-Texarkana, no writ); *El Paso Sharky's Billiard Parlor, Inc. v. Amparan,* 831 S.W.2d 3, 5 (Tex.App.-El Paso 1992, writ denied); *Wadkins v. Diversified Contractors,* 714 S.W.2d 136, 137 (Tex.App.-Houston [1st Dist.] 1986, no writ). Recently, however, the Texas Supreme Court has held that "a motion for extension of time is necessarily implied when an appellant acting in good faith files a [perfecting instrument] beyond the time allowed by Rule 41(a)(1), but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline under Rule 41(a)(2)." *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997). Thus, it appears an appellant is no longer required to file a motion to extend the filing deadline as long as he, in good faith, files a perfecting instrument within fifteen days of the date the bond was due. *See id.* at 617.

Although a motion for extension of time is "necessarily implied" when a late filed bond is submitted in "good faith," it is unclear whether the record must contain some particular evidence to demonstrate an appellant's "good faith," or whether "good faith" is presumed once the bond is filed. We note, however, the *Verburgt* Court stated that "[w]e disapprove of [any case] in which the court of appeals has dismissed an appeal when the appellant has made a bona fide attempt to invoke the appellate court's jurisdiction *by filing a bond within the fifteen days the date the bond was due." Id.* at 617 n. 5 (emphasis added) (citations deleted). Moreover, in two cases decided after *Verburgt,* the court has hinted that the mere filing of the perfecting instrument gives an appellant the benefit of the "implied motion to extend" rule. *See, e.g., Harlan v. Howe State Bank,* 958 S.W.2d 380, 381 (Tex.1997) (holding the appellants' motion for extension of time was necessarily implied where appellants filed a cash bond within the fifteen-day period allowed by Rule 41(a)(2) and remanding the case for a determination as to whether appellants' late filing was supported by a "reasonable explanation"); *Boyd v. American Indem. Co.,* 958 S.W.2d 379, 380 (Tex. 1997)(same). Based upon our reading of these cases, we hold that by filing an affidavit of inability within the fifteen-day period prescribed by Rule 41(a)(2), appellants implicitly moved for an extension of time. Thus, the issue before us is whether appellants have articulated a "reasonable explanation" for their late filing. We find they have not.

■ The record reflects that the day after Miller filed his affidavit of inability to pay costs, appellees filed a motion contesting the filing on the ground the affidavit "was not timely filed." Although appellees' motion was overruled by operation of law, the record shows that appellants failed to file a response or any other document explaining the late filing. In addition, in their brief, which was

---

4. Because December 15, 1996, the 90th day after the final order granting summary judgment was signed, was a Sunday, the ninety-day deadline was extended until the end of the following day. *See* Tex.R.App. P. 5(a).

5. Although Bohanna did not file any document expressing her desire to appeal the trial court's judgment, Miller argues his affidavit of indigency constituted a joint notice of appeal. For the purposes of this appeal, we will assume Miller's contention is correct.

filed approximately eleven months prior to oral argument, appellees devote considerable effort challenging this court's jurisdiction on the ground appellants' appeal was not timely perfected. Although appellants have filed two briefs in this matter, they have completely avoided the jurisdiction issue and have failed to provide this court with *any* explanation for their late filing. In fact, when questioned *during oral* argument, Miller maintained the affidavit *was* timely filed but was misplaced by the district clerk's office. Contrary to Miller's assertion, however, the file stamp on the affidavit clearly shows the document was filed on December 18, 1996; two days past the filing deadline. *See* TEX.R.APP. P. 41(a)(1). Furthermore, there is no evidence in the record to support Miller's contention that the district clerk misfiled or lost the affidavit.

### Conclusion

Although an affidavit of inability to pay costs submitted to the appellate court within fifteen days after it is due serves as an implied motion for extension of time, the appellant is still obligated to come forward with a reasonable explanation to support the late filing. *See Verburgt,* 959 S.W.2d at 617; *Harlan,* 958 S.W.2d at 381; *Boyd,* 958 S.W.2d at 380. In this case, appellants have failed to provide any such explanation or cite any evidence in the record to justify the late filing. Consequently, we find that no good cause exists to extend the filing deadline, and we overrule appellants' implied motion for extension. Because this court does not have authority to entertain an appeal that is not timely perfected, we dismiss this cause for want of jurisdiction.[6]

6. *See McDonald v. Newmyer,* 775 S.W.2d 652, 653 (Tex.App.-Houston [1st Dist.] 1989, writ denied).