LARRY FINSTERWALD, ET UX V. MCKAY ET AL

NO. 07-00-0464-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 19, 2000

______________________________

LARRY FINSTERWALD, AND WIFE, CLAUDINE FINSTERWALD,

Appellants

V.

RICHARD F. MCKAY, M.D., AND BAPTIST/ST. ANTHONY’S HEALTH SYSTEM, 

Appellees

_________________________________

FROM THE 251
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 86,290-C; HON. PATRICK PIRTLE, PRESIDING

_______________________________

ON APPELLEES’ MOTION TO DISMISS APPEAL

______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Before this Court is appellees’ motion to dismiss the appeal of Larry and Claudine Finsterwald.  Dismissal is allegedly appropriate because the notice of appeal was untimely and, therefore, we lack jurisdiction.  We grant the motion and dismiss the appeal.

The order finally adjudicating all pending claims and controversies below was signed on June 20, 2000.  Within thirty days of that date, however, the Finsterwalds moved for new trial, which motion was subsequently overruled.  Given this, the date by which the Finsterwalds had to file a notice of appeal was September 18, 2000.  
See 
Tex. R. App. P.
 26.1(a) (stating that the notice must be filed within 90 days of judgment if a motion for new trial is filed).  The notice, however, was mailed to the district clerk on September 28, 2000, and file-marked by that same clerk on October 2, 2000.  And, while a copy of the notice was also sent to the clerk of this court, it too was not mailed until September 28, 2000.   Consequently, the notice was untimely.

Nevertheless, the aforementioned deadline may be extended if, within 15 days after the deadline expires, a notice of appeal is tendered to the court clerk along with a motion requesting that the deadline be extended.  
Tex. R. App. P.
 26.3.  The motion  must contain, among other things, a recitation of the facts relied on to reasonably explain the need for an extension. 
 
Tex. R. App. P. 
10.5(b)(1)(C).  And, while we are to imply that a motion to extend has been filed when a litigant merely tenders a notice of appeal within the aforementioned window, 
Verburgt
 v. 
Dorner
, 959 S.W.2d 615, 617 (Tex. 1997), the appellants must still reasonably explain the need for an extension.  
Kidd v. Paxton
, 1 S.W.3d 309, 310 (Tex. App.–Amarillo 1999, writ denied).
  It is not enough to simply file a notice of appeal.  Therefore, the foregoing is of no benefit to the Finsterwalds since their notice of appeal was not accompanied by a request to extend the deadline or an explanation mandated by Rule 
10.5(b)(1)(C) and 
Kidd
.   Since no explanation has been provided
, despite their having been served with a copy of the pending motion to dismiss, the Finsterwalds failed to timely perfect their appeal.
(footnote: 1)   
Miller v. Greenpark Surgery Center 

Assoc
., 974 S.W.2d 805 (Tex. App.–Houston [14
th
 Dist. 1998, no writ) (dismissing because no explanation was offered). 
 

Accordingly, we dismiss the appeal for want of jurisdiction.   

 

                                                Brian Quinn 

                                                   Justice 

 

 

Do not publish. 

FOOTNOTES
1:
The Finsterwalds filed no response to the motion to dismiss.