NO. 07-04-0398-CR


NO. 07-04-0399-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 13, 2005


______________________________



TAMMIE SCHULENBERG,



 Appellant


v.



THE STATE OF TEXAS,



 Appellee

_________________________________



FROM THE 114TH DISTRICT COURT OF SMITH COUNTY;



NOS. 241-0612-02 AND 241-0613-02; HON. CYNTHIA KENT, PRESIDING


_______________________________



DISMISSAL


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Appellant, Tammie Schulenberg, appeals from orders revoking her community
supervision and sentencing her to imprisonment, such orders being entered in cause
numbers 241-0612-02 and 241-0613-02. The certifications of appeal executed by the trial
court do not disclose that she has a right to appeal from either order; rather they state that
she waived same. By letter dated April 25, 2005, this court notified appellant of these
circumstances and that the appeals were subject to dismissal. The court also requested
that she either supply it with an amended certification illustrating that she has a right to
appeal from the orders or inform us why we should continue the appeals. This was to be
done by May 10, 2005. That deadline lapsed and we received neither a response nor 
amended certifications. Thus, we dismiss these appeals. See Tex. R. App. P. 25.2(d)
(requiring that the appeal be dismissed if a certification that shows that the defendant has
a right to appeal has not been made part of the record).

 Accordingly, these appeals are dismissed.


 Brian Quinn

 Justice


Do not publish.

















 



yle="text-align: center">NO. 97,237-E; HONORABLE DOUGLAS WOODBURN, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ORDER OF DISMISSAL
          Appellant, John D. Fails, Jr., filed suit against Michael Lowe, in his official capacity
as a correctional officer at the Neal Unit of the Texas Department of Criminal Justice, and
requested redress for retaliation and harassment as well for violations of his rights under
the Texas Constitution. The trial court dismissed Fails’s suit on January 30, 2009. 
          Fails filed his notice of appeal on March 19, 2009. Under the Texas Rules of
Appellate Procedure, Fails’s notice of appeal was due no later than March 1. See Tex. R.
App. P. 26.1. On April 21, 2009, the appellate clerk’s office sent Fails a letter stating that
it appeared that our jurisdiction was not properly invoked. Further, the letter requested
that Fails show how this court does have jurisdiction and why the appeal should not be
dismissed for want of jurisdiction. To date, we have had no response to the court’s
request.


 We have not received any explanation, reasonable or otherwise, to justify the
late filing of the notice of appeal. See Miller v. Greenpark Surgery Assocs., Ltd., 974
S.W.2d 805, 808 (Tex.App.–Houston [14th Dist.] 1998, no pet.); Verburgt v. Dorner, 959
S.W.2d 615, 617 (Tex. 1997).
          We, therefore, dismiss the appeal. See Tex. R. App. P. 42.3. 
 
                                                     Mackey K. Hancock

Justice