Dismissed and Memorandum Opinion filed May 31, 2007








Dismissed
and Memorandum Opinion filed May 31, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00256-CV

____________

 

EIRINE BOUBOUDAKIS, Appellant

 

V.

 

STYLIANOS BOUBOUDAKIS, Appellee

 



 

On Appeal from the 257th District
Court

Harris County, Texas

Trial Court Cause No.
2005-72735

 



 

M E M O R
A N D U M   O P I N I O N








According
to information provided to the court, this appeal is from a final decree of
divorce signed December 15, 2006.  Appellant filed a timely motion for new
trial on January 16, 2007.  See Tex.
R. Civ. P. 4 (extending the due date when the last date falls on a legal
holiday); Tex. R. App. P. 4.1
(same).  Appellant=s notice of appeal was due on March 15, 2007, but it was not
filed until March 19, 2006.  See Tex.
R. App. P. 26.1(a) (requiring the notice of appeal to be filed within 90
days of judgment if a timely motion for new trial was filed).  Appellant did
not file a motion for extension of time to file the notice of appeal.  See Tex. R. App. P. 26.3.

A motion
for extension of time is Anecessarily implied@ when the perfecting instrument is
filed within fifteen days of its due date.  Verburgt v. Dorner, 959
S.W.2d 615, 617 (Tex. 1997).  While an extension may be implied, appellant is
still obligated to come forward with a reasonable explanation to support the
late filing.  See Miller v. Greenpark Surgery Center Assocs., Ltd., 974
S.W.2d 805, 808 (Tex. App.CHouston [14th Dist.] 1998, no pet.).  To date, no explanation
has been filed.

On April
4, 2007, appellee filed a motion to dismiss the appeal because the notice of
appeal was filed late and appellant failed to file a motion for extension of
time.  Appellant filed no response to the motion.

No clerk=s record has been filed.  Therefore,
we are unable to ascertain whether the information provided to the court
concerning the filing dates is accurate so that we may properly consider
appellee=s jurisdictional challenge.  The
clerk responsible for preparing the record in this appeal informed the court
appellant did not make arrangements to pay for the record.  On April 27, 2007,
notification was transmitted to all parties of the court=s intention to dismiss the appeal for
want of prosecution unless, within fifteen days, appellant paid or made
arrangements to pay for the record and provided this court with proof of
payment.  See Tex. R. App. P.
37.3(b).  Again, appellant filed no response.

Accordingly,
the appeal is ordered dismissed for want of prosecution.  Appellee=s motion to dismiss for want of
jurisdiction is denied as moot.

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed May 31,
2007.

Panel consists of Chief Justice Hedges and Justices
Hudson and Guzman.