**Order filed September 20, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00856-CV

_____

**SHARON ANN GRIBBLE, INDIVIDUALLY AND IN HER CAPACITY AS GUARDIAN OF THE PERSON AND ESTATE OF MICHAEL RAY GRIBBLE, Appellant**

**V.**

**BRENT ALLEN LAYTON, Appellee**

**On Appeal from the 306th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 09FD0426**

# O R D E R

This is an appeal from a judgment signed June 30, 2011. Appellant filed a timely motion for new trial. The notice of appeal was due September 28, 2011, ninety days after the judgment was signed. *See* Tex. R. App. P. 26.1. Appellant filed the notice of appeal on September 29, 2011, one day late. Appellant did not file a motion to extend time to file the notice of appeal. *See* Tex. R. App. P. 26.3. A motion to extend time is "necessarily implied" when the perfecting instrument is filed within fifteen days of its due date. *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997). While an extension may be

implied, appellant is still obligated to come forward with a reasonable explanation to support the late filing. *See Miller v. Greenpark Surgery Center Assocs., Ltd.*, 974 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

Appellant filed a motion to extend time deadlines to determine indigency and for filing the reporter's record, which this court granted. The motion contained a reasonable explanation for the late determinationof appellant's indigency, if any, and the need for additional time to file the reporter's record. The motion did not expressly refer to the late-filed notice of appeal, however.

Accordingly, we **ORDER** appellant to file a proper motion to extend time to file the notice of appeal containing a reasonable explanation for the late filing within **15 days** of the date of this order. *See* Tex. R. App. P. 26.3; 10.5(b). If appellant does not comply with this order, the court will consider dismissal of the appeal. *See* Tex. R. App. P. 42.3.


PER CURIAM