**Order filed April 16, 2013.**



In The

# Fourteenth Court of Appeals

—————————

## NO. 14-13-00214-CV

—————————

### BOMA O. ALLISON, Appellant

### V.

### SERVICE LLOYDS INSURANCE COMPANY, Appellee

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 67540**

---

## O R D E R

This is an appeal from a judgment signed November 16, 2012. Appellant filed a timely motion for new trial. The notice of appeal was due February 14, 2013. *See* Tex. R. App. P. 26.1. Appellant did not file the notice of appeal timely, and she did not file a motion to extend time to file the notice of appeal. The notice of appeal was filed February 26, 2013, a date within 15 days of its due date. The Texas Supreme Court has determined that a motion for extension of time is

"necessarily implied" when the perfecting instrument is filed within fifteen days of its due date. *See Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997).

Appellee filed a motion to dismiss the appeal because of the late filing and appellant's failure to file a motion for extension of time. While an extension may be implied, appellant is still obligated to come forward with a reasonable explanation to support the late filing. *See Miller v. Greenpark Surgery Ctr. Assocs., Ltd.*, 974 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

In accordance with our practice, we grant appellant **10 days** from the date of this order to file a proper motion to extend time to file the notice of appeal in compliance with the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 26.3; 10.5(b). Appellee's motion to dismiss shall remain pending. If appellant does not file a proper motion for extension of time to file the notice of appeal containing a reasonable explanation for the late filing on or before **April 26, 2013,** the court will consider dismissal of the appeal for want of jurisdiction.

PER CURIAM