

In The

# Fourteenth Court of Appeals

———————

## NO. 14-14-00947-CV

———————

**MARIANN BACHARACH, Appellant**

**V.**

**JOHN DOE, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1050977**

---

## ORDER

On January 8, 2015, this court abated this appeal for determination of appellant's affidavit of indigence filed December 16, 2014. On the same day, this court received a clerk's record containing the county clerk's contest to appellant's affidavit and the trial court's order sustaining the contest, signed January 6, 2015. The appeal is reinstated.

The Rules of Appellate Procedure permit appellant to challenge this ruling if

she files a motion within 10 days after the order sustaining the contest is signed. *See* Tex. R. App. P. 20.1(j)(2).

According to the partial clerk's record, the trial court signed an order denying appellant's motion to dismiss pursuant to chapter 27 of the Texas Civil Practice and Remedies Code on October 20, 2014. Appellant's notice of appeal was due November 10, 2015, but was not filed until November 21, 2015, a date within 15 days of the due date for the notice of appeal. A motion for extension of time is necessarily implied when the perfecting instrument is filed within 15 days of its due date. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Appellant did not file a motion to extend time to file the notice of appeal. While an extension may be implied, appellant is still obligated to come forward with a reasonable explanation to support the late filing. *See Miller v. Greenpark Surgery Center Assocs., Ltd.*, 974 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

Accordingly, we ORDER appellant to file a proper motion to extend time to file the notice of appeal on or before **January 27, 2015**. *See* Tex. R. App. P. 26.3;12.5(b). If appellant does not comply with this order, we will dismiss the appeal. *See* Tex. R. App. P. 42.3.


PER CURIAM