ACCEPTED
01-15-00641-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/4/2015 5:28:11 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00641-CV

**IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/4/2015 5:28:11 PM
CHRISTOPHER A. PRINE
Clerk

**AGBOLADE ODUTAYO and BONITA ODUTAYO,
Appellants**

**v.**

**STEVE WU, Individually and as Special Trustee for Wu Family Trust,
Appellee**

Appeal
From the133rd Judicial District Court of Harris County, Texas
Cause No. 2013-30215
The Honorable Jaclanel McFarland, Presiding

_____

**APPELLEE'S MOTION TO DISMISS AND RESPONSE TO
MOTION FOR EXTENSION OF TIME TO FILE
NOTICE OF APPEAL**

_____

Brad E. Porter
Tex. Bar No. 24048741
brad@porterpowers.com
J. Robert MacNaughton
Tex. Bar No. 00789944
robert@porterpowers.com
PORTER & POWERS, PLLC
5900 Memorial Drive, Suite 305
Houston, Texas 77007
713-621-0700 Telephone
713-621-0709 Facsimile

**ATTORNEYS FOR APPELLEE
STEVE WU, Individually and as
Special Trustee for Wu Family Trust**

**APPELLEE'S MOTION TO DISMISS AND RESPONSE TO APPELLANTS' MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:

Appellee, Steve Wu, Individually and as Special Trustee for Wu Family Trust ("**Appellee**"), moves to dismiss this appeal under Rule 10 of the Texas Rules of Appellate Procedure for lack of jurisdiction, because the Appellants have failed to timely file a notice of appeal to invoke the Court's jurisdiction, and have also failed to file an sufficiently adequate motion for extension of time to file notice of appeal within the time period proscribed.

On July 24, 2015, Appellants, Agbolade Odutayo and Bonita Odutayo ("**Appellants**"), filed and served "Appellants Motion for Extension of Time to File Notice of Appeal" in this proceeding ("**Motion to Extend**") within the grace period provided by Rule 26.3. [1] The Motion to Extend is not verified or supported by any evidence. Also on July 24, 2015, Appellants filed and served a Notice of Appeal in the court below ("**Notice of Appeal**").

The Notice of Appeal gives notice that the Appellants are appealing the final summary judgment order signed and entered April 13, 2015. Appellants, as

---

[1] The Motion to Extend does not meet with the requirements of Rule 10.1(a)(5) as no Certificate of Conference was provided, as no such conference ever occurred, and on information and belief no attempt to confer was ever made. In addition, on information and belief, the Motion to Extend was not electronically filed, as is required when the Appellants are represented by counsel.

defendants below, filed a timely Motion for New Trial on May 12, 2015 ("**Motion for New Trial**"). The Appellants did not seek to have a timely hearing on the Motion for New Trial and it was overruled by operation of law as of June 27, 2015. [2] Because the Appellants had filed the Motion for New Trial, the deadline for filing the Notice of Appeal was July 13, 2015, the Monday following the deadline. The Notice of Appeal was not timely filed, and the Appellants must comply with the requirements for obtaining an extension of time to file it.

Pursuant to Texas Rules of Appellant Procedure, Rule 26.3(b) in addition to filing a Notice of Appeal within the fifteen days after the deadline for filing the notice of appeal, the Appellants were required to file a motion complying with Rule 10.5.(b), in order to obtain an extension of time to file the Notice of Appeal. *See:* TEX. R. APP. PROC. 26.3(B). Pursuant to Texas Rules of Appellant Procedure, Rule 10.5(b)(2), the Appellants' Motion to Extend was required to contain, as the rule states: "the facts relied on to reasonably explain the need for an extension," pursuant to Rule 10.5(b)(1)(C). *See:* TEX. R. APP. PROC. 10.5(B)(2) AND 10.5(B)(1)(C). The only statement contained in the Motion to Extend as to why an extension was needed is the statement making up the third paragraph:

> "This extension of time is necessary because the 90-day deadline to file has passed and the appellant's [*sic*] Motion for a New Trial was overruled by operation of law."

---

[2] Appellants first set the Motion for New Trial for hearing and then re-set it hearing for July 20, 2015, wherein the trial court advised the parties that the Motion for New Trial had been overruled by operation of law and the court would leave it that way.

The Motion to Extend provides no other basis, or facts, for seeking an extension of time to file the Notice of Appeal.

In the context of the old Rule 41 of the Texas Rules of Appellate Procedure, to obtain and extension of time to file a cost bond the Texas Supreme Court has defined as that a "reasonable explanation" is:

> "Any plausible statement of circumstances indicating that failure to file . . . was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance, [would] be accepted as a reasonable explanation, even though counsel or his secretary may appear to have been lacking in that degree of diligence which careful practitioners normally exercise."

*See: Garcia v Kastner Farms,, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989) (*citing: United States Fire Ins. Co. v. Stricklin, 547 S.W.2d 338* (Tex. Civ. App. - Dallas 1977, no writ) *and Heritage Life Ins. Co. v. Heritage Group Holding Corp*, 751 S.W.2d 229, 231-32 (Tex. App. – Dallas 1988, writ den'd.). This standard is also applied to extensions of time for notices of appeals. *See: Hone v Hanaflin*, 104 S.W.3d 884 (Tex. 2003) (*citing: Meshwert v Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977).

Texas courts have granted motions for extension of time to file a notice of appeal where explanation provided was a misunderstanding of, or applicable appellate rules, such as an erroneous calculation of a deadline; *Dimotsis v State Farm Lloyds*,, 966 S.W.2d 657 (Tex. App. – San Antonio 1998) (*by verified statement*); an improperly calendared deadline; *Gregorian v. Ewell*, 106 S.W.3d 257, 258 (Tex. App. – Fort Worth 2003, no pet.)(*held to the unique circumstances of that case*); and a

4

mistaken designation of the wrong court of appeals; *Birmingham Fire Ins. Co. of Pennsylvania v American National Fire Ins. Co.*, 928 S.W.2d 226, 228 (Tex. App. – Texarkana 1996, no writ); *Garcia v Kastner Farms Inc.*, 774 S.W.2d 668, 670 (Tex. 1989).

Texas courts have found an explanation <u>unreasonable</u> when the explanation reveals a defendant's conscious or strategic decision to wait to file a notice of appeal because the explanation did not show inadvertence, mistake, or mischance. *Hykonnen v. Baker Hughes Business Support Services*, 93 S.W.3d 562, 563-64 (Tex. App. – Houston [14th Dist.] 2002, no pet.). In *Hykonnen*, the appellant contended in essence that they did not timely file the appeal because they did not have the funds to hire an attorney.

In this case, the Appellants have not contended that they did not know of the deadline, or that there was a mistake, they just contend that the deadline has happened. The Court in *Weik v Second Baptist Church of Houston*, held that waiting until trial court's plenary power expired in case trial court reinstated case was not sufficient grounds for a late notice of appeal. *Weik v Second Baptist Church of Houston*, 988 S.W.2d 437, 439 (Tex. App. – Houston [1st Dist.] 1999, pet.. den'd.). If it is appropriate for any facts to be reasonably inferred from the statements Appellants did provide to the Court, they would be similar to the *Weik* case. Appellants waited to see if the trail court would grant the Motion for New Trial at a hearing set after the 90 day deadline had run. Regardless whether it is considered intentional act or a failure

5

to give any explanation at all as to why the Notice of Appeal should be permitted to be filed late, the Appellants Motion to Extend should fail on either ground.

The Court in *Kidd v. Paxton*, held as being unreasonable for a motion to extend, explanations that (1) counsel miscalculated the due date for filing notice of appeal when he still failed to file notice of appeal on the miscalculated date and (2) counsel's preoccupation with other cases without a detailed explanation of the complexities and relevant deadlines of the other cases. *See: Kidd v. Paxton*, 1 S.W.3d 309-310-13 (Tex. App. – Amarillo 1999, no pet). The Court in *Miller v. Greenpark Surgery Center Associates, Ltd.*, has found that where the appellant has failed to provide the court with any reasonable explanation or cite any evidence in the record for the late filing is grounds for dismissal for want of jurisdiction. *Miller v. Greenpark Surgery Center Associates, Ltd.*, 974 S.W.2d 805, 808 (Tex. App. – Houston [14th Dist.] 1998). There is no evidence in the record or in the Motion to Extend as to why the Appellants should be permitted to continue this appeal with the late filed notice.

A timely notice of appeal is necessary to invoke jurisdiction in the appellate court. *See: In re A.L.B.*, 56 S.W.3d 651, 652 (Tex. App. – Waco 2001, no pet.) The point of a deadline is to force the issue. Should an appellant, aware of the fact of the deadline, fail to decide whether to appeal or not or just fail to act, then by its existence the deadline decides the issue by default. To ignore these minimal requirements, is in effect to have no deadline at all, and to give no meaning to the stated requirements of Rule 10.5(b).

An appellant is obligated to come forward with a reasonable explanation to support the late filing of the notice of appeal. *See: Miller*, 974 S.W.2d at 808. In the cases where the courts have found that a reasonable explanation was given, there was an actual explanation given by the appellant. In this case, the Appellants <u>have not given any</u> explanation. They merely recite the facts that the ninety (90) day deadline has passed, and the Motion for New Trial was overruled by operation of law. Therefore, the Appellants' motion does not reasonably explain the need for the extension. Likewise no reasonable inference can be made from what is in the Motion for Extension that would provide a basis for allowing the late filed Notice of Appeal. The Appellants do not contend that they did not know of the deadline. The facts recited more appropriately indicate that Appellants knew of the deadlines and procedures and simply did not timely file the Notice of Appeal for whatever tactical reason they were following. However, there is no actual statement of why they did not file the Notice of Appeal timely.

Contrary to the facts in *Hone* and similar to the facts in *Miller* and in *Hykonnen*, in this case Appellants just consciously did not timely do what the Texas Rules of Appellate Procedure requires.

**Prayer**

Appellee, Steve Wu, Individually and as Special Trustee for Wu Family Trust, requests that the Court after consideration of the Appellants Motion for Extension of Time to File Notice of Appeal and Appellee's Motion to Dismiss and Response to

Motion for Extension of Time to File Notice of Appeal, determine Appellants failed to meet the standards set by Rule 10.5(b) of the Texas Appellate Rules of Civil Procedure and case law on the subject, and order and dismissal of this appeal for lack of jurisdiction.

Respectfully submitted,

**PORTER & POWERS, PLLC**

By: */s/ Brad E. Porter*
        Brad E. Porter
        "Attorney in Charge"
        Tex. Bar No. 24048741
        brad@porterpowers.com
        J. Robert MacNaughton
        Tex. Bar No. 00789944
        robert@porterpower.com
        5900 Memorial Drive, Suite 305
        Houston, Texas 77007
        713-621-0700 Telephone
        713-621-0709 Facsimile

**ATTORNEYS FOR APPELLEE**
**STEVE WU, Individually and as**
**Special Trustee for Wu Family Trust**

## CERTIFICATE OF CONFERENCE

The undersigned conferred with counsel for Appellant by e-mail on August 4, 2015, and Appellants' counsel is opposed to this motion.

*/s/ J. Robert MacNaughton*
        J. Robert MacNaughton

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded to the following attorneys or pro se parties pursuant to Rule 9.5 of the Texas Rules of Appellate Procedure on August 4, 2015.

Darrell W. Jordan, Jr.
1305 Prairie, Suite 200
Houston, Texas 77002

*/s/J. Robert MacNaughton*
J. Robert MacNaughton