**Order filed October 17, 2017**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-17-00569-CV

———————

### SOLOMAN PERRY, Appellant

### V.

### BHARATH VASUDEVAN, Appellee

---

**On Appeal from County Court at Law No. 2**
**Travis County, Texas**
**Trial Court Cause No. C-1-CV-16-008837**

---

## O R D E R

This is an appeal from a judgment signed May 16, 2017. The appeal was transferred to this court from the Third Court of Appeals on July 21, 2017.

We have issued several notices and orders requiring appellant to take certain actions. The deadlines for those actions have passed, and we have not received any response from appellant.

It appears the two courts may not have had appellant's correct mailing address. As a result, it is not clear if appellant knows his appeal was transferred to this court. Therefore, we issue this order.

## Notice of appeal

The notice of appeal was due June 15, 2017. *See* Tex. R. App. P. 26.1. Appellant, however, filed his notice of appeal on June 21, 2017, a date within 15 days of the due date for the notice of appeal. A motion for extension of time is necessarily implied when the perfecting instrument is filed within 15 days of its due date. *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997). Appellant did not file a motion to extend time to file the notice of appeal. While an extension may be implied, appellant is still obligated to come forward with a reasonable explanation to support the late filing. *See Miller v. Greenpark Surgery Center Assocs., Ltd.*, 974 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

Accordingly, we **ORDER** appellant to file a proper motion to extend time to file the notice of appeal by **November 1, 2017**. *See* Tex. R. App. P. 26.3;10.5(b). If appellant does not comply with this order, we will dismiss the appeal. *See* Tex. R. App. P. 42.3.

## Appellate filing fee

In connection with his appeal of the justice court judgment to the county court at law, appellant filed a statement of inability to afford payment of an appeal bond. Tex. R. Civ. P. 510.9(c). No contest to the statement was filed, and the record does not indicate that appellant's request to proceed as indigent was denied. Absent such a denial, appellant was deemed indigent in the court below. *See id.*; Tex. R. Civ. P. 145.

The general rule is that a party's indigent status in the trial court carries forward to the court of appeals. *See* Tex. R. App. P. 20.1(b)(1). Accordingly, **appellant is deemed indigent for purpose of the appellate filing fee.**

## Reporter's record

The court reporter has notified this court that (1) appellant has not paid or arrangements to pay for the reporter's record, and (2) the county court judge has not found appellant indigent. As stated above, the record does not indicate that the county court at law ordered appellant to pay costs despite his statement of inability to afford payment. Accordingly, appellant is not required to pay for the reporter's record.

**The official court reporter for Travis County Court at Law No. 2 is directed to file the reporter's record by November 16, 2017.**

PER CURIAM