**March 7th Motion for Extension of Time Granted; March 8th Motion for Extension of Time Denied; Motion to Consolidate Granted; and Order filed March 29, 2022.**



In The

# Fourteenth Court of Appeals

———————

NO. 14-22-00011-CV
NO. 14-22-00139-CV

———————

**BASIM MOUSILLI, Appellant**

**V.**

**NOURA SWEED, Appellee**

On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2020-49635

## ORDER

Both above-numbered appeals involve three notices of appeal, all filed in the same trial court proceeding by appellant Basim Mousilli. Case No. 14-22-00011-CV began with one notice of appeal contesting a final decree of divorce signed October 13, 2021. The notice of appeal was filed January 3, 2022, and it was

preceded by a request for findings of fact and conclusions of law filed November 2, 2021 and a motion for new trial filed November 12, 2021. Case No. 14-22-00139-CV concerns two notices of appeal, both filed February 28, 2022. One of those notices of appeal contests what appears to be a final order signed on January 25, 2022, after the final decree of divorce, disposing of a motion to show authority filed by appellee Noura Sweed, as well as appellant's motion for new trial, request for findings of fact and conclusions of law, and award of sanctions to appellee.[1] The other notice of appeal contests an order signed December 15, 2021 denying appellant's motion to recuse the trial court judge.

Currently pending are three motions filed by appellant: (1) a motion filed March 7, 2022 seeking an extension to February 28th to file the notice of appeal regarding the trial court's January 25th order; (2) a motion filed March 8, 2022 seeking an extension to February 28th to file the notice of appeal regarding the order denying recusal of the trial court judge; and (3) a motion to consolidate the two appeals under cause number 14-22-00011-CV.[2]

The motions for extension will be resolved first. Courts of appeals may grant extensions of time to file notices of appeal when, within 15 days of the deadline for filing the notice of appeal, a party files the notice of appeal in the trial court and files a motion to extend time complying with Texas Rule of Appellate Procedure 10.5(b) in the appellate court. Tex. R. App. P. 26.3. Filing the notice of appeal within that

---

[1] As the appellate record has not yet been filed, it is slightly ambiguous whether the January 25th order disposed of all remaining post-divorce-decree issues and claims, and thus constituted an appealable final order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) (acknowledging that final orders must "completely dispose of the entire case," while "an order that all parties appear to have treated as final may be final despite some vagueness in the order itself").

[2] The two motions for extension were filed solely under cause number 14-22-00139-CV, while the motion to consolidate was filed under both cause numbers.

15-day window serves as an implied motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1998); *Miller v. Greenpark Surgery Ctr. Assocs., Ltd.*, 974 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Assuming the January 25th order was appealable as a final order, the deadline to file the notice of appeal was February 24, 2022, 30 days after it was signed. Tex. R. Civ. P. 26.1. As the applicable notice of appeal was filed within 15 days of that deadline, appellant's March 7th motion complies with Rule 10.5(b) and the motion otherwise has merit, the court herby GRANTS the March 7th motion for extension of time.

The March 8th motion, regarding the appeal from the denial of appellant's recusal motion, is a different matter. The order denying recusal, which itself neither comprises a judgment nor a final order, is only appealable (assuming it was at all independently appealable) as an interlocutory order. That would require a notice of appeal to be filed within 20 days of the order being signed, thus by January 4, 2022. Tex. R. App. P. 26.1(b), 28.1(a). Even with the 15-day grace period applicable for motions to extend time to file notices of appeal, that still required the notice to be filed by January 19, 2022 in order to be extended. As the notice of appeal was filed more than a month after that date, this court cannot extend the time for filing it, therefore the March 8th motion should be and is DENIED.

All that remains is appellant's motion to consolidate. When multiple notices of appeal from the same trial court proceeding have been filed, the court encourages parties to consider requesting consolidation of those appeals. Accordingly, the motion to consolidate is GRANTED.

Because "consolidation" is a formal procedure under the Texas Rules of Civil Procedure, *see* Tex. R. Civ. P. 174, but not under the Texas Rules of Appellate Procedure:

1.    Each appeal will remain open.

3

2. Any document meant to be filed in both appeals must bear both appellate case numbers.

3. Regardless of whether a document applies to one or both appeals, any document is subject to Texas Rule of Appellate Procedure 9.4.

4. Each appeal will be submitted to the same panel.

5. The issuance date of the final decree of divorce shall control all further deadlines in each appeal, including due dates for post-judgment motions and remittitur, expiration of plenary power, and issuance of the mandate.

PER CURIAM

Panel Consists of Justices Wise, Zimmerer, and Poissant.