**Appeal Dismissed and Memorandum Opinion filed March 21, 2023**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-22-00601-CV**

---

**K.S.M., Appellant**

**V.**

**S.H., Appellee**

---

**On Appeal from the 312th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-59700**

---

## MEMORANDUM OPINION

This is an attempted appeal from a final order in a suit affect the parent-child relationship, *See* Tex. Fam. Code Ann. § 109.002 judgment signed May 17, 2022. Appellant K.S.M. filed a timely request for findings of fact and conclusions of law on May 24, 2022. Appellant's notice of appeal was filed August 16, 2022.

When an appellant has filed a timely post-judgment motion, the notice of appeal must be filed within 90 days after the date the judgment is signed. *See* Tex. R. App. P. 26.1(a)(4). Appellant's notice of appeal was due August 15, 2022.

Appellant's notice of appeal was not filed timely. A motion to extend time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1, but within the 15-day grace period provided by Rule 26.3 for filing a motion to extend time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to Rule 26). Appellant's notice of appeal was filed within the 15-day period provided by Texas Rule of Appellate Procedure 26.3.

Appellant did not file a motion to extend time to file the notice of appeal. While an extension may be implied, appellant is still obligated to come forward with a reasonable explanation to support the late filing. *See Miller v. Greenpark Surgery Center Assocs., Ltd.*, 974 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1998, no pet.). On February 7, 2023, appellant was ordered to file a proper motion to extend time to file the notice of appeal within ten (10) days of the date of this order. *See* Tex. R. App. P. 26.3; 10.5(b). Appellant was notified the appeal was subject to dismissal without further notice for want of jurisdiction if no proper motion to extend time was filed. *See* Tex. R. App. P. 42.3(a).

Appellant filed no response. We dismiss the appeal for want of jurisdiction.


PER CURIAM


Panel consists of Chief Justice Christopher and Justices Jewell and Spain.